# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

**Patrick Fisher**                                                                          **Elisabeth A. Shumaker**
**Clerk**                                                                                    **Chief Deputy Clerk**

June 18, 1996

**TO:** ALL RECIPIENTS OF THE CAPTIONED OPINION

**RE:** 95-3214/3391 USA v. Reece
June 14, 1996 by The Honorable Paul J. Kelly

Please be advised of the following correction to the captioned decision:

The file stamp date is incorrect on all but the electronic copies. The correct date of filing is June 14,1996.

Please make the appropriate correction to your copy.

Very truly yours,

Patrick Fisher, Clerk

Beth Morris
Deputy Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 6/14/96**

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,   )
                    )
     Plaintiff-Appellee,    )
                    )
vs.                   )     Nos. 95-3391
                    )           95-3214
MICHAEL WAYNE REECE,    )     (Consolidated)
                    )
     Defendant-Appellant.   )

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D. Ct. No. 95-40032-02 SAC)

---

Submitted on the Briefs:[1]

Stephen W. Kessler, Topeka, Kansas, for Defendant-Appellant.

Jackie N. Williams, United States Attorney, Randy M. Hendershot, Assistant United States Attorney, Topeka, Kansas, for Plaintiff-Appellee.

---

Before SEYMOUR, Chief Judge, KELLY and LUCERO, Circuit Judges.

---

[1] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

KELLY, Circuit Judge.

---

Michael Wayne Reece appeals from his conviction of possession with intent to distribute cocaine base. 21 U.S.C. § 841(a)(1). The jury acquitted him of possession with intent to distribute marijuana. He was sentenced to 262 months imprisonment and a period of four years supervised release. Mr. Reece's initial notice of appeal was filed pro se. He is now represented by counsel. Our jurisdiction arises under 18 U.S.C. § 1291 and we reverse.

On December 10, 1994 the vehicle driven by Mr. Reece and in which Scott Clift was a passenger was pulled over by Officers Voigt and Patterson for failing to signal a lane change. Officer Patterson approached the passenger side of the vehicle, and noticed that Mr. Clift had in his possession two hand-rolled cigarettes and a bag that contained a green leafy substance. Mr. Clift was removed from the vehicle and handcuffed, and a search of his pants and coat pockets revealed what was later determined to be 11.28 grams of marijuana and three pieces of crack cocaine which totalled 13.39 grams. The marijuana was divided in two separate bags, each of which additionally contained, respectively, $225 and $180. A search of Mr. Reece revealed no evidence of narcotics or other contraband. A subsequent search of the vehicle revealed nearly $2700 located in the glove compartment. At trial, Mr. Clift testified that the narcotics and cash were his, that he had placed the cash in the glove compartment in an effort to conceal it as the

2

vehicle was approached by the officers, and that Mr. Reece had no knowledge that he was in possession of the narcotics or the cash.  II R. 134-35.

Following the discovery of the contraband, Mr. Reece and Mr. Clift were placed in the back seat of the police cruiser where, unknown to them, a recorder was activated.  The tape recording, which was offered and admitted into evidence at trial, recorded Mr. Reece's expression of concern that Mr. Clift take responsibility for the contraband and his question to Mr. Clift as to whether all the contraband had been discovered.  Mr. Reece also indicated concern over the confiscation of his personal belongings.  In addition to the tape recording, evidence of Mr. Reece's prior state conviction pursuant to a separate arrest by Officers Voigt and Patterson was admitted.  Mr. Reece was carrying a quantity of cocaine and cash when the prior arrest occurred.

On appeal, Mr. Reece maintains that there was insufficient evidence to support his conviction.  Specifically, he contends that the government failed to present evidence as to his actual or constructive possession of the contraband.  He additionally maintains that the district court erred in admitting evidence of his prior state conviction, and that the district court erred in giving an Allen instruction to the jury.  See Allen v. United States, 164 U.S. 492 (1896); United States v. Reed, 61 F.3d 803 (10th Cir.  1995).

At the outset, we examine the question of whether Mr. Reece's conviction is supported by sufficient evidence.  We review the evidence in the light most favorable to the  government to determine whether "*any* rational trier of fact could have found the

3

essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Jones, 44 F.3d 860, 864 (10th Cir. 1995). To support a conviction of possession of narcotics with intent to distribute in violation of 21 U.S.C. § 841(a)(1), the evidence must prove beyond a reasonable doubt the following elements: "(1) the defendant knowingly possessed the illegal drug; and (2) the defendant possessed the drug with the specific intent to distribute it." United States v. Gonzales, 65 F.3d 814, 818 (10th Cir. 1995). Possession may be either actual or constructive; "constructive possession may be found if a person knowingly has ownership, dominion or control over the narcotics and the premises where the narcotics are found." United States v. Jones, 49 F.3d 628, 632 (10th Cir. 1995)(citation omitted). "Dominion, control, and knowledge, in most cases, may be inferred if a defendant has exclusive possession of the premises." United States v. Mills, 29 F.3d 545, 549 (10th Cir. 1994). Where possession is not clear, such as when the contraband may be attributed to more than one individual, constructive possession requires some nexus, link, or other connection between the defendant and the contraband. Id. The jury may draw reasonable inferences from direct or circumstantial evidence, yet an inference must amount to more than speculation or conjecture. Jones, 44 F.3d at 865.

It is clear that Mr. Reece was the driver of a car containing illegal narcotics. The record additionally reveals that Mr. Reece was clearly acquainted with Mr. Clift, on whose person the narcotics were found. These facts alone, however, are not enough to

satisfy the element of possession with regard to Mr. Reece. Mr. Clift testified that the narcotics and cash found on his person and in the glove compartment were his and that at the time Mr. Clift got into the vehicle Mr. Reece had no knowledge that such contraband was present. II R.134. He additionally indicated that the first time Mr. Reece became aware of the narcotics was when the vehicle was pulled over and Mr. Clift began his effort to hide the drugs and at that time placed most of the cash in the glove compartment. Id. at 134-35. Further, it is undisputed that no narcotics were found on the person of Mr. Reece or at any other location in the vehicle other than the lap and pockets of Mr. Clift.

The government's theory in this case was "that both Mr. Clift and Mr. Reece were operating in concert in the possession of [the] cocaine and marijuana with intent to sell." Id. at 32. While this may well be correct, our review of the evidence fails to link Mr. Reece to the narcotics in any way other than presence and proximity, let alone show his intent to sell. Officers Voigt and Patterson both testified extensively regarding the actions of Mr. Clift and what was ultimately found on or immediately around his person. They testified as to the arrest of Mr. Reece and Mr. Clift, and to the manner in which the arrest was effectuated. The only evidence introduced that could conceivably link Mr. Reece with the narcotics by indicating his knowledge of the presence of the narcotics was the tape recorded conversation in the back of the vehicle. By the time the recording was made, however, it is clear that Mr. Reece was aware that narcotics were found on Mr. Clift, and had indeed seen the narcotics on the trunk of the vehicle following their

5

removal from the person of Mr. Clift. Id. at 171. Because constructive possession requires a nexus between the defendant and the contraband where there is more than one possibility as to who is in possession of that contraband, mere dominion over the vehicle and proximity to the contraband will not satisfy the possession element. The government's case is barren of evidence linking or demonstrating a nexus between Mr. Reece and the narcotics found on Mr. Clift's person and therefore cannot sustain the conviction and the 262 month sentence. See Jones, 49 F.3d at 632-33; Jones, 44 F.3d at 865-66; Mills, 29 F.3d at 549.

A conviction cannot be affirmed under § 841(a)(1) based only upon evidence that tends to show that a defendant was negligent or otherwise should have known about a criminal venture. United States v. de Francisco-Lopez, 939 F.2d 1405, 1410-11 (10th Cir. 1991). Moreover, even if the jury disbelieved the entire testimony presented by the defense, that disbelief cannot constitute evidence of the crime charged or somehow substitute for the requirement that affirmative evidence be presented to demonstrate constructive possession by Mr. Reece of the contraband discovered. See Mills, 29 F.3d at 550. A verdict that is, in fact, based upon a guess or a mere possibility cannot be upheld.

We need not reach the remainder of issues presented by Mr. Reece on appeal. The evidence being insufficient, the judgment is

REVERSED.

6