UNITED STATES COURT OF APPEALS
**Filed 11/29/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

        v.

CARNELL D. BRUMFIELD,

    Defendant-Appellant.

No. 96-6026
(D.C. No. CR-95-119-M)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, HOLLOWAY, and BRISCOE, Circuit Judges.

Carnell D. Brumfield appeals his convictions of bank robbery, 18 U.S.C. § 2113(a) and (d), and use of a firearm during a crime of violence, 18 U.S.C. § 924(c)(1). Brumfield contends there was insufficient evidence identifying him as a participant. We affirm.

When sufficiency of the evidence is challenged on appeal, this court must view the evidence in the light most favorable to the government to determine whether any rational factfinder could have found the defendant guilty beyond a reasonable doubt. E.g., United States v. Reece, 86 F.3d 994, 995 (10th Cir. 1996). "In order to conclude the evidence

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

was insufficient, as a matter of law, to support a conviction, we must find that no reasonable juror could have reached the disputed verdict." United States v. Ivy, 83 F.3d 1266, 1284 (10th Cir.), cert. denied 117 S. Ct. 253 (1996). This court will not reverse a conviction merely because a verdict was grounded on the uncorroborated testimony of a co-conspirator. Id. On appeal, this court may not reweigh the credibility of witnesses. United States v. Ruis-Castro, 92 F.3d 1519, 1530 (10th Cir. 1996).

Brumfield does not challenge the sufficiency of the evidence generally. He argues the testimony of Josue Jerome Walton, who is a confessed participant in the robbery, is not sufficiently credible. Walton's testimony that Brumfield participated in the robbery was clearly sufficient to sustain Brumfield's conviction. Walton's credibility was a question for the jury, United States v. Jaynes, 75 F.3d 1493, 1498 (10th Cir. 1996), and the jury was fully aware of his past inconsistent stories and of the terms of his plea bargain.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge