**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EUGENIO GUTIERREZ-MORAN,

    Defendant-Appellant.

No. 97-2018
(D.C. No. CR-95-625-HB)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Submitted on the Briefs.

Before **SEYMOUR**, Chief Judge, **PORFILIO**, Circuit Judge, and **BRORBY**, Circuit Judge.

The parties have requested this case be submitted on the briefs. We have honored that request, and this matter has been submitted without oral argument.

Defendant Eugenio Gutierrez-Moran argues that: (1) the district court erred in denying his motion for severance; and (2) the government failed to present sufficient evidence to sustain his conviction. Believing the evidence is insufficient, we reverse.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Eugenio Gutierrez-Moran is the brother of Jose Gutierrez-Moran, a codefendant whose conviction is before us in another matter. For the purpose of this disposition, we merely need point out this case involves 293 pounds of marijuana that was found behind the panels of a van which Jose was driving and in which Eugenio was riding. Eugenio and Jose were arrested together, indicted for possession with intent to distribute more than 100 kilograms of marijuana together, tried together, and convicted together.

Defendant argues the government failed to present sufficient evidence upon which a jury could find beyond a reasonable doubt that he knew Jose's van was transporting marijuana. He points out the government's only evidence of his knowledge of the marijuana consisted of the facts his hands were shaking when he was stopped at the border checkpoint and a border patrol agent could smell marijuana near the back of the van. Defendant argues this evidence is clearly insufficient because: (1) the van did not belong to him and crossed the Mexican border at times when he could not have been present; (2) no evidence of drug-trafficking was found at his home; and (3) his ignorance of the marijuana was confirmed by Jose's testimony at trial.

We review a district court's determination that sufficient evidence exists to support a conviction de novo. *United States v. McDermott*, 64 F.3d 1448, 1457 (10th Cir. 1995). Evidence is sufficient to support a conviction if, considering both direct and circumstantial evidence in a light most favorable to the government, a reasonable jury could find the defendant guilty of the crime charged beyond a reasonable doubt. *United*

*States v. Clark*, 57 F.3d 973, 976 (10th Cir. 1995). To support a guilty verdict, the evidence presented "need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt." *United States v. Parrish*, 925 F.2d 1293, 1297 (10th Cir. 1991), *abrogated on other grounds by United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1996). *Accord Clark*, 57 F.3d at 976; *United States v. Hooks*, 780 F.2d 1526, 1531 (10th Cir. 1986). Moreover, a criminal conviction may be sustained on circumstantial evidence alone. *Hooks*, 780 F.2d at 1529.

Applying those principles, and viewing the evidence of Eugenio's knowledge of the marijuana in a light most favorable to the government, we nonetheless must conclude it is insufficient to convict him of knowing possession of marijuana beyond a reasonable doubt. Missing from the evidentiary matrix is any evidence of his actual or constructive possession.

To support a conviction of possession with intent to distribute, "the evidence must prove beyond a reasonable doubt the following elements: '(1) the defendant *knowingly possessed* the illegal drug; and (2) the defendant *possessed the drug with the specific intent* to distribute it.'" *United States v. Reece*, 86 F.3d 994, 996 (10th Cir. 1996), quoting *United States v. Gonzales*, 65 F.3d 814, 818 (10th Cir. 1995) (emphasis added). Although possession may be inferred when a defendant has exclusive possession of the area where drugs are found, when

possession is not clear, such as when the contraband may be attributed to more then one individual, constructive possession requires some nexus, link, or other connection between the defendant and the contraband. The jury may draw reasonable inferences from direct or circumstantial evidence, yet an inference must amount to more than speculation or conjecture.

*Reece*, 86 F.3d at 996 (citations omitted).

Although the government relied upon constructive possession here, its evidentiary support for that reliance is only spacial proximity and the defendant's angst. Conjecture cannot substitute for nexus, however. *Id.* "Constructive possession means that Defendant has 'some appreciable ability to guide the destiny of the drug.'" *United States v. Hanif*, 1 F.3d 998, 1003 (10th Cir. 1993) (citation omitted). The case made by the government does not meet that measure.[1]

Having concluded the evidence does not support the conviction, we need not address the issue of severance. The judgment of the district court is **REVERSED,** and the mandate shall issue forthwith.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge

---

[1]Defendant was also charged under 18 U.S.C. § 2. The government does not address this factor; however, we can see no evidentiary support for the offense in any event.