**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

            Plaintiff-Appellee,

v.

MARIO AMAYA-SANCHEZ,

            Defendant-Appellant.

Case No. 97-2079

(D.C. CR-96-460-SC)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

Mario Amaya-Sanchez appeals directly to this court from a jury verdict

convicting him of drug importation in violation of 21 U.S.C. §§ 952(a), 960(a)(1),

and 960(b)(3) and possession with intent to distribute more than fifty kilograms of

marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  His appeal states

---

[*]        This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

that the evidence presented against him at trial is not sufficient to prove his guilt beyond a reasonable doubt. We rule that the evidence is sufficient and affirm.[1]

In determining the sufficiency of the evidence, we review the record in a light most favorable to the government and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Johnson, 120 F.3d 1107, 1108 (10th Cir. 1997). "[W]hile the evidence supporting the conviction must be substantial and do more than raise a mere suspicion of guilt, it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt." United States v. Johnson, 42 F.3d 1312, 1319 (10th Cir. 1994) (internal quotations omitted). We do not function as a jury. Instead, we are required to accept the jury's resolution of conflicting evidence and its assessment of the witnesses' credibility. See United States v. Pappert, 112 F.3d 1073, 1077 (10th Cir. 1997). Applying this standard, we set forth the following facts which were presented to the jury.

Mr. Amaya-Sanchez stopped the truck he was driving at the Colombus, New Mexico Port of Entry from Palomas, Republic of Mexico. The roads in Palomas are in poor condition. United States Immigration Inspector James

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

2

Varnes asked Mr. Amaya-Sanchez his citizenship, and Mr. Amaya-Sanchez handed the Inspector his resident alien card. Mr. Amaya-Sanchez's hands were shaking, and he did not make eye contact with Inspector Varnes, leading the Inspector to conclude that he was nervous. Inspector Varnes had experienced instances when drivers were nervous but no contraband was found in their vehicles and instances when drivers were not nervous but their vehicles did contain contraband.

Inspector Varnes directed Mr. Amaya-Sanchez to an area at the port of entry where other agents trained a drug-sniffing dog on the truck. The agents themselves smelled no marijuana, but the dog alerted to the presence of drugs in the truck's fender. An agent drilled a hole in the fender and discovered marijuana. The agents removed over seventy-eight pounds of the drug from the fender wells and arrested Mr. Amaya-Sanchez.

Three days later, as an officer was driving the truck away from the port of entry, he noticed that the truck shook badly when he drove between thirty-five and sixty miles per hour. He pulled over, let some air out of the tires, and smelled marijuana. There were 118.2 pounds of the drug hidden in specially built containers in the tires.

A customs agent interviewed Mr. Amaya-Sanchez who denied that the truck was his. Mr. Amaya-Sanchez stated that he had gone to Mexico to have his truck

3

repainted in Palomas, but he could not or would not identify where or to whom he took his truck to have it painted. He said he borrowed the truck he was driving back across the border from Maria Vasquez, a friend of his who worked in Palomas for Dr. Anaya. However, when the interviewing agent contacted Dr. Anaya's office, he found that no person named Maria Vasquez worked for Dr. Anaya.

The truck's glove box contained a certificate of title showing the owner as Maria Trinidad Vasquez. However, the address listed for Ms. Vasquez on the title did not exist and there was no Maria Vasquez or Maria Trinidad listed in the Palomas phone book. Even so, not all residents of Palomas are listed in the phone book and some small towns in Mexico do not have street addresses for some houses. Finally, the truck had New Mexico plates, and the office where the title was issued did not require proof of identification when issuing title documents.

## I. POSSESSION WITH INTENT TO DISTRIBUTE

To support a conviction of possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1), the government must prove beyond a reasonable doubt (1) that Mr. Amaya-Sanchez knowingly possessed the marijuana and (2) that Mr. Amaya-Sanchez possessed the marijuana with the specific intent to distribute it. See United States v. Reece, 86 F.3d 994, 996 (10th Cir. 1996).

4

The government relies on the following evidence to prove that Mr. Amaya-Sanchez knowingly possessed the marijuana with the intent to distribute it. He was the driver and sole occupant of the truck which contained the drugs and appeared nervous when he was stopped at the port of entry. Although Mr. Amaya-Sanchez claimed the truck was not his, the friend he named as owner did not work where he claimed she did and was not listed in the Palomas phone book. Additionally, despite the fact that her name was on the title to the truck, the address listed on the title did not exist. Also, Mr. Amaya-Sanchez lacked credibility because he could not tell the police where he had taken his truck earlier that day to be painted. Finally, no person would hide over $100,000 worth of marijuana in her truck and then loan it to a friend who did not know about the marijuana; an innocent Mr. Amaya-Sanchez would have noticed the same shaking that the officer driving the truck away from the border would have and, not knowing of the marijuana, would have likely taken it to a mechanic or some place where it would have been discovered. Thus, the government's theory of the case was that Mr. Amaya-Sanchez knew the truck contained marijuana and lied about his friend.

Viewing this evidence in a light most favorable to the government, we accept the government's theory of the case and hold that a reasonable juror could have found Mr. Amaya-Sanchez guilty beyond a reasonable doubt. In <u>United</u>

5

States v. Hooks, 780 F.2d 1526 (10th Cir. 1986), we considered the sufficiency of the evidence supporting a conviction for possession with intent to distribute when the defendant was driving a borrowed vehicle containing PCP. We noted that possession under § 841(a)(1) may be actual or constructive and may be proved by circumstantial evidence. See id. at 1531. "[C]onstructive possession may be established by proof that the defendant exercised dominion and control over the vehicle in which the controlled substance was concealed." Id. However, "proof of dominion or control, without the requisite showing of knowledge, is insufficient to sustain a conviction . . . ." Id. We ruled that the requisite showing of knowledge was found in the totality of the circumstantial evidence and the reasonable inferences drawn from that evidence. See id. at 1532. The circumstantial evidence was that the defendant gave the police a false name, was carrying baking soda which can be used to purify PCP, seemed to be under the influence of a narcotic, approached the officer instead of waiting for the officer to come near the truck where he could smell the PCP, and was driving a truck which contained $10,000 worth of PCP. See id. As to this last bit of evidence, we noted that "it is unlikely that the owner of the truck, or anyone else, would have left such a valuable substance in the truck . . . ." while loaning it to a friend who was unaware of its presence. Id.

6

As in <u>Hooks</u>, we find the totality of the circumstantial evidence and the reasonable inferences from that evidence support Mr. Amaya-Sanchez's guilt beyond a reasonable doubt as to the issue of his knowing possession of the drug. Mr. Amaya-Sanchez appeared nervous at the border crossing, suggesting fear that he would be caught. He told the customs agent that he took his truck to have it painted earlier that day in Palomas, but could not remember what the name of the shop was or where it was, leading to the inference that his story was a lie and suggesting guilty knowledge. Additionally, his story about his friend who loaned him the truck proved false at least as to where the friend worked, and the fact that the friend's address did not exist cast Mr. Amaya-Sanchez's story into further doubt. Finally, the fact that he was driving a car with almost 200 pounds of marijuana in it also leads to the inference that he knew he was transporting drugs; it strains credulity to think that the owner of such a large amount of marijuana, worth over $100,000, would hide it in a truck and then loan that truck to an innocent Mr. Amaya-Sanchez, who would have at the least jeopardized the shipment once the truck encountered problems across the border.

As for the second element of the charge, that Mr. Amaya-Sanchez had the intent to distribute the marijuana, the large quantity of marijuana in the truck is sufficient to support a judgment that Mr. Amaya-Sanchez intended to distribute the marijuana. <u>See</u> <u>id.</u> Therefore, we affirm his conviction on this charge.

7

## II. DRUG IMPORTATION

To support a conviction of drug importation in violation of 21 U.S.C. § 841(a)(1), the government must prove beyond a reasonable doubt that Mr. Amaya-Sanchez knowingly brought marijuana into the United States. See United States v. Flinckinger, 573 F.2d 1349 (9th Cir. 1978), overruled on other grounds by United States v. McConney, 728 F.2d 1195 (9th Cir. 1984). The evidence presented above is equally applicable to whether Mr. Amaya-Sanchez had the requisite knowledge that he was bringing marijuana into the United States.

We determine that there is sufficient evidence to find Mr. Amaya-Sanchez guilty beyond a reasonable doubt on the drug importation charge as well. In United States v. Ortiz-Ortiz, 57 F.3d 892 (10th Cir. 1995), the defendant was a passenger in a car which he claimed was loaned to him by two unknown people so he and his friend could travel across the border to buy new parts for his friend's car. See id. at 894. The car was titled in the name of a person the defendant claimed he knew, but the police could not find the person. See id. The car smelled of perfume, which is commonly used to mask the odor of drugs, and when the border police looked, they discovered at least $28,000 worth of marijuana concealed under a loose back seat. See id. at 895. We held that a jury was entitled to disregard the defendant's claims that the car belonged to a friend or

was given to him by strangers and instead to conclude that he knowingly imported the marijuana.  See id.

While the truck in the case at bar did not smell of perfume, the evidence in our case is more compelling than in Ortiz-Ortiz because of Mr. Amaya-Sanchez's nervousness, because his friend could not be located, because he could not or would not tell the border police where he had left his truck to have it painted, and, especially, because of the vast quantity of drugs involved which make it much less likely that a friend would have simply loaned him the car.  We hold that there was sufficient evidence from which a rational trier of fact could find Mr. Amaya-Sanchez guilty beyond a reasonable doubt on the importation claim.

Mr. Amaya-Sanchez's conviction is affirmed.  The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge