**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 8 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CARNELL D. BRUMFIELD,

    Defendant-Appellant.

No. 02-6243
(D. Ct. No. 98-CV-125-L)
(W.D. Oklahoma)

**ORDER**

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

Carnell D. Brumfield, a federal prisoner, requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 habeas petition. For substantially the same reasons set forth by the district court in its Order of March 7, 2002, we deny a COA.

In 1995, Brumfield was convicted of armed robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). Brumfield was sentenced to a total of 106 months on the two counts. He then appealed to this court, and we affirmed his

conviction.  United States v. Brumfield, No. 96-6026 (10th Cir. Nov. 29, 1996).[1]

On January 26, 1998, Brumfield timely filed a habeas petition under 28 U.S.C.

§ 2255, claiming that his attorney was ineffective in thirty-three ways.[2]  Rejecting

Brumfield's arguments, the district court denied habeas relief.

Because Brumfield's petition was filed after April 24, 1996, the effective

date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), AEDPA's

provisions apply to this case.  See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1

(10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  AEDPA

provides that a petitioner may not appeal a denial of habeas relief under 28 U.S.C.

§ 2255 unless a COA is granted.  28 U.S.C. § 2253(c)(1)(B).  A COA may be

issued "only if the applicant has made a substantial showing of the denial of a

constitutional right."  § 2253(c)(2).  This standard requires "a demonstration that

. . . includes showing that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed

further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

Because the district court denied Brumfield's application for a COA, we proceed

to analyze whether a COA should have been granted.

---

[1]  The Supreme Court denied certiorari on March 31, 1997.  Brumfield v. United States, 520 U.S. 1161 (1997).

[2]  Because Brumfield's numerous claims are adequately set forth in the district court's order, we will not repeat them here.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated the standard for determining whether counsel provided ineffective assistance. First, the petitioner "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Second, the petitioner "must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. With regard to the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and the court must avoid "the distorting effects of hindsight." Id. at 689. There is a strong presumption that counsel's actions "might be considered sound trial strategy." Id. (quotation omitted).

Having reviewed petitioner's appellate brief, the district court's opinion, and the material portions of the record on appeal, we conclude that Brumfield has failed to make a debatable showing that both Strickland prongs were met with respect to any of his claims. Most of counsel's alleged errors fall "within the wide range of reasonable professional assistance that might be considered sound trial strategy." Moore v. Reynolds, 153 F.3d 1086, 1096 (10th Cir. 1998) (citing Strickland, 466 U.S. at 689). As to the remaining claims, involving (1) the jury instructions, (2) a comment made during the government's closing argument, and (3) the joint trial of Brumfield with a co-defendant, we agree with the district

court that Brumfield has shown no prejudice resulting from the alleged errors committed by his counsel. No reasonable jurist would conclude that Brumfield's habeas petition should have been granted. Accordingly, Brumfield has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Brumfield's application for a COA is **DENIED**. Brumfield's motion to proceed in forma pauperis before this court is **GRANTED**, and this matter is **DISMISSED**.

Entered for the Court

PATRICK FISHER
Clerk of Court


By:
Deputy Clerk