**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**JUL 8 2004**

**PATRICK FISHER**
**Clerk**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 03-3283 |
| v. | (D. Kansas) |
| TRISTIN MITCHELL, also known as Tyrone Greene, | (D.C. No. 02-CR-40098-03-JAR) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT** *

Before **TACHA,** Chief Judge, **ANDERSON** and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Tristin Mitchell was convicted, following a jury trial, of one count of possession with intent to distribute approximately 4.6 kilograms of heroin, in

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violation of 21 U.S.C. § 841(a)(1). Mitchell was sentenced to 168 months' imprisonment, followed by five years of supervised release. He appeals his conviction, arguing (1) the district court erred in denying his motion to suppress evidence seized in a traffic stop, and (2) there was insufficient evidence to support the jury's verdict.

We set forth the facts of this case in detail in the course of addressing the appeal of Mitchell's codefendant, Cordell Nichols. United States v. Nichols, No. 03-3284, 2004 WL 1490449, at **1-3 (10th Cir. July 6, 2004). As indicated there, Mitchell and Nichols were both arrested on May 22, 2002, after the vehicle they were driving, which had been rented by Nichols' aunt, was stopped by Kansas Highway Patrol on their way east from Sacramento on I-70. Approximately 4.6 kilograms of heroin was subsequently found in the vehicle's trunk, leading to Mitchell's indictment and conviction for possession.

Like Nichols, Mitchell filed a motion to suppress before trial, alleging the Kansas traffic stop was unreasonable under the Fourth Amendment. As indicated above, Mitchell renews this argument on appeal. However, we have already considered and upheld the reasonableness of the Kansas traffic stop in Nichols.

We therefore reject Mitchell's claim in regard to this issue without further discussion. [1]

We also reject Mitchell's assertion of a privacy interest in the rental car that would permit him to challenge the search of the car. Although Mitchell was driving the car at the time it was stopped, he was not the person who had rented the car, nor is there any indication he was given permission to drive the car by the person who had rented it (Nichols' aunt), nor was he an authorized driver according to the terms of the rental agreement. Indeed, Mitchell had no driver's license. Thus, Mitchell had no "objectively reasonable" expectation of privacy in the vehicle. United States v. Gama-Bastidas, 142 F.3d 1233, 1239 (10th Cir. 1998); see United States v. Edwards, 242 F.3d 928, 936 (10th Cir. 2001); cf. United States v. Valdez Hocker, 333 F.3d 1206, 1210-11 (10th Cir. 2003). Accordingly, the district court's denial of Mitchell's motion to suppress is affirmed.

---

[1]Mitchell argues we should look at the subjective intentions of the trooper making the stop in this case because the stop was supported only by reasonable suspicion, not by probable cause. In support of this proposition, he cites United States v. Knights, 534 U.S. 112, 123 (2001) (Souter, J., concurring) ("I would . . . reserve the question whether Whren[ v. United States, 517 U.S. 806 (1996)]'s holding, that '[s]ubjective intentions play no role in ordinary, probable cause Fourth Amendment analysis,' should extend to searches based upon reasonable suspicion."). However, this circuit has expressly held, post-Whren, that "[w]hen determining whether an officer possessed a reasonable articulable suspicion, the subjective motivations of an arresting officer are irrelevant." United States v. Callarman, 273 F.3d 1284, 1286 (10th Cir. 2001).

As indicated above, Mitchell also argues there was insufficient evidence presented at trial for the jury to find beyond a reasonable doubt he was guilty of possession. In order to address this claim, we must review the record de novo to determine whether "viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt." United States v. Delgado-Uribe, 363 F.3d 1077, 1081 (10th Cir. 2004) (internal quotation marks omitted). In performing this inquiry, "we do not weigh conflicting evidence nor consider the credibility of witnesses." Id. Rather, we "simply determine 'whether [the] evidence, if believed, would establish each element of the crime.'" Id. (quoting United States v. Vallo, 238 F.3d 1242, 1247 (10th Cir. 2001)).

The elements that must be established to support a conviction under 21 U.S.C. § 841(a)(1) for possession with intent to distribute are as follows: "'(1) the defendant knowingly possessed the illegal drug; and (2) the defendant possessed the drug with the specific intent to distribute it.'" United States v. Carter, 130 F.3d 1432, 1440 (10th Cir. 1997) (quoting United States v. Reece, 86 F.3d 994, 996 (10th Cir. 1996)) (further quotation omitted). Constructive, rather than actual, possession is sufficient and "may be established by circumstantial evidence and may be joint among several individuals." United States v. Delgado-Uribe, 363 F.3d 1077, 1084 (10th Cir. 2004). "In cases involving joint occupancy

of a vehicle where a controlled substance is found, some evidence supporting at least a plausible inference the defendant had knowledge of and access to the controlled substance must be introduced." Id.

Having carefully reviewed the record on appeal, we conclude a jury could reasonably have found beyond a reasonable doubt, based on the evidence presented, that Mitchell knowingly possessed the heroin found in the car's trunk and had the intent to distribute it. There was testimony at trial showing Mitchell had previously been stopped in a vehicle with Nichols that contained marijuana and that appeared, based on cash found in Nichols' possession and information given by a confidential informant, to be heading for California to purchase drugs. At the time of the Kansas stop, Mitchell was again traveling with Nichols, this time on their way from Sacramento, Mitchell's home town, toward St. Louis, Nichols' home town.

Mitchell points out he was only sixteen at the time of the St. Louis stop and argues he could have been included on that trip "to avert suspicion," without any knowledge of the trip's purpose. Appellant's Br. at 35. He further argues "the fact that he was stopped in a car with less than 20 grams of marijuana does not lead to the conclusion that two years later, he knew about five kilograms of heroin concealed in a trunk, even if Mr. Nichols is present with him." Id.

We note, however, that at the time of the St. Louis stop, Mitchell gave police a false name. Moreover, at the time of the Kansas stop, it was Mitchell who told the trooper that the person who rented the car was the aunt of Nichols' girlfriend, Kristen White, who was also present in the car; in fact, it was Nichols' aunt, not White's, who had rented the car. These false statements could reasonably have led a jury to infer guilty knowledge. See United States v. Johnson, 57 F.3d 968, 972 (10th Cir. 1995); United States v. Hooks, 780 F.2d 1526, 1532 (10th Cir. 1986). Further, the quantity of heroin found could reasonably lead the jury to infer intent to distribute. United States v. Powell, 982 F.2d 1422, 1430 (10th Cir. 1992) (noting it is well settled in the circuit that intent to distribute "may be inferred from the possession of a large quantity of the substance").

Thus, viewing the evidence in the light most favorable to the government, as we are required to do, we conclude there was sufficient evidence of Mitchell's guilt to support the jury's verdict.

For the foregoing reasons, Mitchell's conviction is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge