**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VINH V. LE,

Defendant-Appellant.

No. 06-8040
(D.C. No. 05-CR-60-WFD)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

Following a trial in February 2006 in the United States District Court for

the District of Wyoming, Vihn V. Le was convicted by a jury of one count of

possession of marijuana with intent to distribute in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(C). Specifically, the jury found Mr. Le guilty of

possessing 142 pounds of marijuana with intent to distribute. In May 2006, the

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court imposed a sentence of forty-one months imprisonment and three years of supervised release. Mr. Le is now appealing his conviction, arguing that the evidence presented at his trial was insufficient to find him guilty beyond a reasonable doubt of knowingly possessing marijuana with intent to distribute. Exercising jurisdiction under 28 U.S.C. § 1291, we conclude that Mr. Le's conviction is supported by sufficient evidence. We therefore affirm.

**I.**

We commend defense counsel and counsel for the government for the quality of the briefs they submitted to this court. We also appreciate the parties' thorough factual statements summarizing the evidence that was presented at trial. Further, because defense counsel has succinctly and accurately summarized that evidence, we will adopt the following portions of appellant's opening brief as our background statement:

> On February 2, 2005, Wyoming Highway Patrol trooper Timothy Boumeester stopped a U-Haul van traveling eastbound on Interstate 80 in Albany County, Wyoming. The U-Haul (hereinafter van) had been clocked by radar as speeding 81 in a 75 mile per hour zone. The van, driven by Vinh V. Le, was stopped without incident.
>
> Trooper Boumeester contacted the driver, Mr. Le, and obtained the van rental agreement as well as Le's driver's license. During the course of the . . . contact with Mr. Le, the Trooper was told that Le had flown [from his home in Beaumont, Texas] to Seattle, Washington to pick up a sofa and chairs from his brother and that the van contained the furniture he had obtained in Seattle. During the course of this conversation Trooper Boumeester noticed that Le was sweating, wouldn't make eye contact and his hands were shaking. After being advised that Mr. Le's driver's license was valid the

Trooper issued a warning for speeding and asked him if he had any questions. Mr. Le indicated he had no questions and the Trooper told him to have a safe trip and Mr. Le exited the patrol vehicle.

Trooper Boumeester also exited his patrol vehicle and asked Le if he could ask some more questions. Mr. Le nodded his head affirmatively and said "yes." The Trooper asked Mr. Le if he had any drugs or anything illegal in the van. Mr. Le said "no." Mr. Le was then asked if there was any marijuana in the van and Le shook his head "no" but said "yes." Trooper Boumeester repeated the question and received the same response. Mr. Le shook his head "no" but said "yes." Boumeester asked if he could search the van and Mr. Le reached into his pocket, revealed a key and unlocked the padlocked cargo area of the van.

When the Trooper opened the cargo area of the van he immediately noticed what he characterized as an overwhelming odor of dryer sheets.[1] When asked why the cargo area of the van smelled like dryer sheets, Le gave no response. As indicated earlier by Mr. Le, there was furniture in the van and the Trooper also noticed a portion of a bag beneath and behind the furniture in the cargo area nearest the cab of the van. Trooper Boumeester closed the cargo area and advised Mr. Le that he would be calling for another Trooper and his K-9.

Trooper Chatfield arrived with his K-9 who deployed around the exterior of the van and positively alerted. As a result, the Troopers opened the back of the van and crawled inside and over the furniture to where the bags were located in the cargo area nearest the cab and farthest from the rear of the van. Trooper Chatfield unzipped one of the bags and found a number of clear plastic bags containing suspected marijuana. Mr. Le, who was now seated in Trooper Boumeester's patrol car was, again, approached and asked if there was marijuana in the van. He answered "no."

Mr. Le was arrested, the van was unloaded and two other bags containing suspected marijuana were [found], as well as, a black

---

[1]     Trooper Boumeester testified that dryer sheets are often used to mask the odor of drugs in a vehicle. *See* R., Vol. 3 at 53.

plastic trash bag in a cardboard box containing a dining room chair. In total there were determined to be 142 bags of marijuana located in the 3 duffle bags and the plastic trash bag.

On February 4, 2005, Mr. Le was charged by Criminal Complaint with violation of Title 21 U.S.C. 841(a)(1) possession with intent to distribute marijuana. . . . On March 18, 2005, the Federal Grand Jury for the District of Wyoming indicted Mr. Le charging the same offense as in the previous Criminal Complaint. . . .

Trial to a jury commenced in Casper, Wyoming on February 21, 2006, and on February 24, 2006, the jury returned its verdict and found Mr. Le guilty of possession of marijuana with the intent to distribute as charged in the indictment.

Aplt. Opening Br. at 1-4 (footnote added).[2]

## II.

Mr. Le contends that there was insufficient evidence to support his conviction. He argues that the government failed to present sufficient evidence to prove beyond a reasonable doubt that he knowingly possessed the marijuana that was found in the U-Haul van. Instead, according to Mr. Le, the government proved only that he had possession and control of the van in which the marijuana was located, and he argues that "it is not the position of this court and never has been that control of a vehicle containing contraband – absent other evidence – is sufficient to prove guilt beyond a reasonable doubt" for purposes of a conviction under 21 U.S.C. § 841(a)(1). Aplt. Opening Br. at 16.

_____

[2]   The pages in Mr. Le's opening brief are not numbered, but we will assume that page one is the page containing Mr. Le's "Statement of Jurisdiction" and that the pages are numbered in sequential order thereafter.

"We review the sufficiency of the evidence de novo." *United States v. Triana*, 477 F.3d 1189, 1194 (10th Cir. 2007). "We ask only whether, taking any evidence–both direct and circumstantial, together with the reasonable inferences to be drawn therefrom–in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *Id.* (quotation omitted); *see also United States v. Gurule*, 461 F.3d 1238, 1243 (10th Cir. 2006) (stating that "[t]his court will reverse [for insufficient evidence] only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt") (quotation omitted). It is also well established that the evidence necessary to support a criminal conviction "need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt." *United States v. Wilson*, 182 F.3d 737, 742 (10th Cir. 1999) (quotation omitted). "Furthermore, we do not question the jury's credibility determinations or its conclusions about the weight of the evidence." *United States v. Lauder*, 409 F.3d 1254, 1259 (10th Cir. 2005) (quotation omitted).

To support a conviction for possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1), the evidence must prove beyond a reasonable doubt that: "(1) the defendant knowingly possessed the illegal drug; and (2) the defendant possessed the drug with the specific intent to distribute it." *United States v. Reece*, 86 F.3d 994, 996 (10th Cir. 1996). With regard to the first element, we have explained that

[p]ossession may be either actual or constructive: "constructive possession may be found if a person knowingly has ownership, dominion or control over the narcotics and the premises where the narcotics are found." *United States v. Jones*, 49 F.3d 628, 632 (10th Cir. 1995) (citation omitted). "Dominion, control, and knowledge, in most cases, may be inferred if a defendant has exclusive possession of the premises." *United States v. Mills*, 29 F.3d 545, 549 (10th Cir. 1994). . . . The jury may draw reasonable inferences from direct or circumstantial evidence, yet an inference must amount to more than speculation or conjecture. [*United States v. Jones*, 44 F.3d 860, 865 (10th Cir. 1995)].

*Id.*: *see also United States v. Hooks,* 780 F.2d 1526, 1531 (10th Cir. 1986) ("Possession may be actual or constructive and may be proved by circumstantial evidence."). With regard to the second element, we have held that a jury "may infer intent to distribute from the possession of large quantities of drugs."[3] *Triana*, 477 F.3d at 1194 (quotation omitted).

Mr. Le's sufficiency of the evidence challenge involves only the first element. He argues that "[a] number of cases have affirmed convictions for possession . . . based upon possession and control of the vehicle where the contraband was found. These cases did not, however, approve conviction based upon presence and control of the vehicle as the sole factor leading to conviction." Aplt. Opening Br. at 14. Mr. Le also relies on our statement in *Hooks* that "proof

---

[3] Although Mr. Le has not specifically challenged the jury's finding that he intended to distribute the marijuana that was found in the U-Haul van, given the large quantity of marijuana that was found in the van, this element was easily satisfied.

of dominion or control, without the requisite showing of knowledge, is insufficient to sustain a conviction." *Id.* at 15 (quoting *Hooks*, 780 F.2d at 1531).

Having conducted the required de novo review of the evidence presented at trial, and having viewed that evidence in the light most favorable to the government, we agree with the government that "the totality of circumstances prove [Mr. Le's] knowing possession beyond a reasonable doubt." Aplee. Br. at 11. To begin with, the evidence at trial proved that Mr. Le was the renter, driver, and sole occupant of the U-Haul, and Mr. Le does not dispute that the vehicle was loaded with his furniture and 142 pounds of marijuana. In addition, the three duffle bags and the black garbage bag containing the marijuana were located behind Mr. Le's furniture near the front of the U-Haul's cargo area, and the jury could reasonably infer from this evidence that the marijuana was loaded into the cargo area before Mr. Le's furniture. Moreover, the duffle bags were not hidden or concealed; Mr. Le's furniture was loaded on top of one of the duffle bags; the black garbage bag was found inside one of the boxes that contained Mr. Le's furniture; and it is undisputed that the cargo area smelled strongly of dryer sheets. Mr. Le also appeared to be excessively nervous during his encounter with Trooper Boumeester, and the jury could reasonably infer that Mr. Le's nervousness was caused by his fear that Trooper Boumeester would search the U-Haul and find the marijuana. Finally, as argued by the government, "it [was] reasonable for the jury to infer that the expense of traveling by plane

from Texas to Washington, renting a U-Haul for $1,549.22, and then driving from Seattle, Washington, to Beaumont, Texas, with only a load of furniture makes little sense." *Id.* at 17.

In sum, the evidence showing Mr. Le's exclusive possession and control of the U-Haul, the manner in which the marijuana was loaded into the U-Haul, and the surrounding circumstances and reasonable inferences to be drawn therefrom, provided sufficient evidence for a reasonable jury to find Mr. Le guilty beyond a reasonable doubt of knowingly possessing the marijuana that was found in the U-Haul.

Mr. Le's conviction is AFFIRMED.

Entered for the Court

Neil M. Gorsuch
Circuit Judge