**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Samuel Ervin MILLS, Defendant–Appellant.**

No. 93–8093.

United States Court of Appeals,
Tenth Circuit.

July 8, 1994.

Michael R. O'Donnell, Asst. Federal Public Defender, Cheyenne, WY, for defendant-appellant.

Lee Pico, Asst. U.S. Atty. (David D. Freudenthal, U.S. Atty. & Aleksander D. Radich, Asst. U.S. Atty., with him on the brief), Cheyenne, WY, for plaintiff-appellee.

Before EBEL, BARRETT and KELLY, Circuit Judges.

PAUL KELLY, Circuit Judge.

Defendant–Appellant Samuel Ervin Mills ("Mills") appeals from his conviction on the charge of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). He alleges a number of errors by the district court, including that: his suppression motion was erroneously denied, the judge allowed a constructive amendment of the indictment, flawed jury instructions allowed the jury to convict without reaching unanimity on the date of his illegal possession of firearms, admission of a prior instance of firearms possession prejudiced him, and the evidence was insufficient to support the conviction. Our jurisdiction arises under 28 U.S.C. § 1291, and we reverse.

## Background

Mills' arrest resulted from the seizure by local police of four firearms and two pipe bombs from his house during the execution of a search warrant on June 30, 1992. The police had obtained a warrant to search for drugs after a confidential informant alerted the police to a possible marijuana-growing operation at Mills' house. During the course of the search, the police found a .22 semi-automatic pistol under a mattress owned by Judy Hall, who lived in Mills' house. The mattress was in the loft of the house, which Hall occupied. Two guns, a Ruger pistol and a Winchester shotgun, were found in a compartment for extra leaves in the dining room table. It is uncontroverted that this table was owned by Hall, although it was located in a common space of the house. A rusted rifle was found in a crawl space underneath the house. In addition, two pipe bombs were found in the laundry room.

Six days earlier, on June 24, 1992, the police had executed a separate search warrant to determine if the engine in Hall's truck was stolen. Once there, the police decided that they would seize the truck and drive it into Gillette, Wyoming to check the truck more closely. Since Hall was not present during the execution of the warrant, the police gave Mills and Hall's daughter the opportunity to remove Hall's personal property from the truck. Mills did so, and in the process, he handled two guns from the truck and placed them in his garage. These two guns were the Ruger pistol and Winchester shotgun that the police found in the dining room table during the June 30 search.

Mills was not indicted for his handling of these firearms on June 24. Instead, Mills was indicted on one count of possession of firearms by a felon "on or about June 30, 1992" and two counts of possession of unregistered destructive devices and aiding and abetting, in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 2. Mills moved to suppress the evidence found in the search on the basis that the warrant was unsupported by probable cause. This motion was denied by the district court. Prior to the start of the trial, the district court also denied Mills' motion *in limine* to disallow the government's use of evidence of Mills' June 24 possession of firearms.

The jury acquitted Mills on the pipe bomb counts, but found him guilty of possession of firearms by a felon. Mills appeals from this conviction and the denial of his suppression motion.

## Discussion

### I. Search Warrant

Mills claims that the warrant the police officers obtained to search his house was not supported by probable cause. "In reviewing the validity of a search warrant, we must determine whether, under the totality of the circumstances presented in the affidavit, the judicial officer had a substantial basis for finding a fair probability that contraband or other evidence of a crime would be found in the place to be searched." *United States v. Hager*, 969 F.2d 883, 887 (10th Cir.) (citing *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)), *cert. denied*, —— U.S. ——, 113 S.Ct. 437, 121 L.Ed.2d 357 (1992).

The county judge who issued the warrant to search Mills' house determined that the police had probable cause to believe that they would find drugs and drug paraphernalia. The judge knew from the accompanying affidavit that the confidential informant had earlier given the police information that Hall's truck engine was the same one that had been stolen recently in Gillette. The affiant informed the county judge that, after a search under a previous warrant, the police determined that the number stamped on the engine in Hall's truck indeed matched the number found in the victim's invoice for the engine. Additionally, the police corroborated many of the details that the informant provided, such as the fact that Hall kept a pet bobcat. Further, the informant's allegations that he had seen marijuana plants while on Mills' premises indicated that the informant's basis of knowledge was first-hand. Based on this substantial information, and because we review the county judge's initial determination of probable cause with "great deference" on appeal, we conclude that the search warrant was not deficient. *Id.*

The vast majority of Mills' arguments are irrelevant to the determination of whether the police had probable cause to justify the warrant. He does not point to anything to suggest that the affiant knowingly included false facts or omitted known material facts. Mills only suggests that the police could have uncovered facts that would have damaged the informant's reliability had they done more work. However, this is insufficient to show that the police misled the judge or that the judge did not have a substantial basis to find probable cause based on the affidavit.

## II. Constructive Amendment of the Indictment

Mills contends that the government constructively amended the indictment against him by introducing evidence of his possession of two of Hall's guns on June 24, 1992. He claims that this problem arose because the indictment and jury instructions charged him with possession "on or about" June 30, 1992. Thus, he argues, the jury could have convicted him of the June 24 possession as well as the June 30 possession, broadening the intended scope of the indictment.

■ A constructive amendment that broadens an indictment is reversible error per se, because only the grand jury can amend an indictment. *United States v. Wright*, 932 F.2d 868, 874 (10th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 428, 116 L.Ed.2d 448 *and cert. denied*, —— U.S. ——, 112 S.Ct. 450, 116 L.Ed.2d 467 (1991). "A constructive amendment of an indictment 'occurs when the terms of the indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment.'" *United States v. Hornung*, 848 F.2d 1040, 1046 (10th Cir.1988) (quoting *United States v. Hathaway*, 798 F.2d 902, 910 (6th Cir. 1986)), *cert. denied*, 489 U.S. 1069, 109 S.Ct. 1349, 103 L.Ed.2d 817 (1989).

■ Even if we assume that the June 24 possession was a different offense than the "on or about June 30" possession charged in the indictment, we conclude that there is no substantial likelihood that the jury convicted Mills for possessing two weapons on June 24. Based on our review of the record as a whole, we are convinced that the evidence limited the charged crime to the guns actually found on June 30. Both the questions and arguments of defense counsel and the prosecution made it clear that the charged offense was for possession of the four guns on June 30. Furthermore, the indictment unequivocally charged that the possession was based on the four guns found on June 30 instead of the two guns Mills moved from Hall's truck into his garage on June 24. Accordingly, we conclude that the government did not constructively amend the indictment.

## III. Jury Unanimity

Mills also claims that the failure of the district court to include an instruction that the jury must reach a unanimous decision regarding the date of the possession led to the possibility that the jury did not reach a unanimous verdict. In particular, Mills hypothesizes that members of the jury may have split, with some concluding that he had possessed the guns on the 24th and others finding that he had possessed them on the 30th.

■ Where, as in this case, a defendant does not request a specific unanimity instruction, we review the lack of such an instruction under the plain error standard. *United States v. Phillips*, 869 F.2d 1361, 1366 (10th Cir.1988), *cert. denied*, 490 U.S. 1069, 109 S.Ct. 2074, 104 L.Ed.2d 638 (1989). We assume that a general unanimity instruction will suffice to instruct the jury that it must unanimously reach a decision regarding all of the factual predicates of an offense. *Id.* at 1366–67.

■ Given our conclusion above that the record indicates that the jury was focused on the June 30 possession, we conclude that there is no indication that the lack of a specific unanimity instruction was plain error.

## IV. Prior Acts Evidence

■ Mills contests the district court's decision to allow the evidence of his possession of

the shotgun and the Ruger on June 24, claiming that the evidence was introduced for an improper purpose and was highly prejudicial. We review the district court's admission of Fed.R.Evid. 404(b) evidence under an abuse of discretion standard. *United States v. Easter,* 981 F.2d 1549, 1553–54 (10th Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2448, 124 L.Ed.2d 665 (1993). Defendants are protected against unfair prejudice from 404(b) evidence by: 1) Rule 404(b)'s requirement that the evidence be offered for a proper purpose; 2) Rule 402's relevancy requirement; 3) Rule 403's requirement that any potential for unfair prejudice from the introduction of the evidence be substantially outweighed by the probative value; and 4) Rule 105's requirement that the trial court shall, upon request, instruct the jury that the similar acts evidence is to be considered only for the purpose for which it was admitted. *Id.* at 1554 (citing *Huddleston v. United States,* 485 U.S. 681, 691–92, 108 S.Ct. 1496, 1502, 99 L.Ed.2d 771 (1988)).

In this case, the district court allowed the introduction of evidence pertaining to the June 24 possession to suggest that Mills had knowledge of the guns on his property. Use of prior acts to show knowledge is a proper purpose under Rule 404(b) and knowledge is relevant to establish scienter for the possession of a firearm violation. As we discuss below, however, the evidence concerning the June 24 possession is insufficient, by itself, to establish scienter in the circumstances of this case.

The district court did not explicitly rule on the Rule 403 issue of whether the potential for prejudice substantially outweighed the probative value of this evidence. However, we conclude that the district court implicitly made this determination when it ruled the evidence admissible as relevant to the issue of scienter when the defendant had argued that the prejudice would outweigh the utility of the evidence. *See Id.; United States v. Patterson,* 20 F.3d 809, 814 (10th Cir.1994), *petition for cert. filed,* No. 93–9347 (May 24, 1994).

Finally, Mills failed to request an instruction limiting the use of the Rule 404(b) evidence. *Easter,* 981 F.2d at 1555 n. 3 (re-

quirement of a limiting instruction does not apply when defendant does not request instruction). Thus, we conclude that the district court did not abuse its discretion by admitting evidence of the June 24 possession.

## V. Sufficiency of the Evidence

Mills argues that there was insufficient evidence for the jury to conclude that he had knowingly possessed firearms. "The evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—is sufficient if, when taken in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *United States v. Hooks,* 780 F.2d 1526, 1531 (10th Cir.), *cert. denied,* 475 U.S. 1128, 106 S.Ct. 1657, 90 L.Ed.2d 199 (1986).

Under 18 U.S.C. § 922(g)(1), the government is required to show that Mills knowingly possessed a firearm. "[H]owever, possession in fact is not a prerequisite of his conviction [under § 922(g) ], constructive possession being sufficient." *United States v. Cardenas,* 864 F.2d 1528, 1533 (10th Cir.), *cert. denied,* 491 U.S. 909, 109 S.Ct. 3197, 105 L.Ed.2d 705 (1989). A person has constructive possession when he or she knowingly holds ownership, dominion, or control over the object and the premises where it is found. *Hager,* 969 F.2d at 888.

The government may prove constructive possession by circumstantial evidence. *Id.* Dominion, control, and knowledge, in most cases, may be inferred if a defendant had exclusive possession of the premises; however joint occupancy alone cannot sustain such an inference. *United States v. Sullivan,* 919 F.2d 1403, 1431 (10th Cir.1990). *Accord United States v. Mergerson,* 4 F.3d 337, 349 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1310, 127 L.Ed.2d 660 (1994); *United States v. Ford,* 993 F.2d 249, 252 (D.C.Cir.1993). In cases of joint occupancy, where the government seeks to prove constructive possession by circumstantial evidence, it must present evidence to show some connection or nexus between the defendant and the firearm or other contraband. *See Sullivan,* 919 F.2d at 1431. A conviction based upon constructive possession will be

upheld "only when there [is] some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the weapon or contraband." *Mergerson,* 4 F.3d at 349. Here, evidence to support an inference that the defendant was aware of the firearms contained in the compartment and also had a right of physical access to those firearms was required. *See Sullivan,* 919 F.2d at 1431.

Based on our review of the record, we hold that there was insufficient evidence for a jury to find beyond a reasonable doubt that Mills constructively possessed the two firearms on June 30. On June 24, with officers present, Mills placed Hall's firearms in the garage, not the house. The only direct evidence of what happened next is the testimony of Hall that she placed the guns in her dining room table compartment without Mills' knowledge and contrary to his instructions. Even if the jury disbelieved the entire defense testimony, that disbelief cannot constitute evidence of the crimes charged and somehow substitute for knowing constructive possession in this joint occupancy situation. We are unwilling to infer knowledge of "dominion and control" over Hall's guns contained in the compartment (and out of view), *see Mergerson,* 4 F.2d at 349, on June 30 solely because Mills handled them and placed them in the garage six days before in cooperation with law enforcement. Nor was the defense required to prove that Mills was denied access to Hall's table or compartment; rather, the government had to come forward with evidence to connect Mills with knowing constructive possession of the firearms extending beyond his handling them on June 24. Mere dominion or control over the dining room is insufficient to establish constructive possession. *See Mergerson,* 4 F.3d at 349 ("[W]e believe that mere control or dominion over the place in which contraband or an illegal item is found *by itself* is not enough to establish constructive possession when there is joint occupancy of a place."). The evidence being insufficient, the judgment is

REVERSED.