**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

SHAWN D. WALKER,

      Defendant - Appellant.

No. 97-4086
(D.C. No. 96-CR-111)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY** and **MURPHY**, Circuit Judges.

Defendant appeals his conviction for knowing possession of a controlled substance in violation of 21 U.S.C. § 844(a) on the sole ground that the government adduced insufficient evidence that he <u>knew</u> of the existence of marijuana in his vehicle.  We affirm.

**I**

During a routine gate stop at the Dugway Proving Grounds in Utah, Officer Paul Lilenquist asked defendant, who was driving alone in a car registered in his

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

name, if he would consent to a search of his vehicle. After momentary hesitation, defendant gave consent. Another officer then appeared with a drug-detecting canine, which immediately alerted to the vehicle. Thereafter, the officers noticed what they suspected to be a "marijuana cigarette laying approximately one-quarter inch in length in plain view" on the floor below the passenger's seat. R. at 51. At that point, Lilenquist informed defendant that the dog had alerted to his vehicle and began to "process" the vehicle to gather evidence. Id.

When Lilenquist began to search the vehicle, he noticed the "distinct odor" of marijuana. Id. at 52. In addition to the "roach" in plain view, Lilenquist retrieved another from the ashtray and approximately twelve marijuana seeds from the floor of the driver's side of the vehicle. At trial, the government introduced evidence from a criminalist in the Utah state crime lab who testified that the two cigarettes tested positive for marijuana and that the seeds "definitely appear[ed] to be marijuana seeds." R. at 72.[1] In addition, Lilenquist testified that Walker refused to consent to a urinalysis test. The defense presented no witnesses.

## II

The sole issue on appeal is whether the government introduced sufficient evidence for a jury to conclude that Walker knew there was marijuana in his car.

---

[1] According to lab policy, the seeds were never tested because other evidence retrieved from the car tested positive for marijuana.

Contrary to the government's brief, defendant does not argue that the crime of possession requires "a certain amount of controlled substance." Appellee's Br. at 6. Rather he argues that no reasonable jury could find beyond a reasonable doubt that he knew there was marijuana in his car because of the small amount and its location within the vehicle.

In reviewing sufficiency of the evidence, we view the evidence in the light most favorable to the government and determine whether a rational jury could have found all the essential elements of the crime beyond a reasonable doubt. See United States v. Leos-Quijada, 107 F.3d 786, 794 (10th Cir. 1997). The jury may draw any and all reasonable inferences in favor of the government but it may not speculate or engage in conjecture in order to convict. See id.

The government's argument in this case is premised on defendant's constructive possession of the marijuana. "Constructive possession may be found if a person knowingly has ownership, dominion or control over the narcotics and the premises where the narcotics are found." United States v. Jones, 49 F.3d 628, 632 (10th Cir. 1995) (internal quotation omitted). "Dominion, control, and knowledge, in most cases, may be inferred if a defendant had exclusive possession of the premises." United States v. Mills, 29 F.3d 545, 549 (10th Cir. 1994). But "proof of dominion or control, without the requisite showing of

knowledge, is insufficient to sustain a conviction" based on knowing possession. United States v. Hooks, 780 F.2d 1526, 1531 (10th Cir. 1986).

In Hooks, this court stated that a defendant's mere possession of a vehicle that he did not own is insufficient by itself to prove knowing possession of a controlled substance (PCP) concealed within the vehicle. See id. In addition, the Hooks court rejected the government's argument that the smell of the drug in the vehicle should have been sufficient by itself to establish Hooks's knowledge because the government failed to establish by direct evidence that the defendant was familiar with the smell. See id. Nevertheless, in evaluating the strength of the "collective inferences to be drawn from the evidence as a whole,"[2] we ultimately sustained the defendant's conviction. See id. at 1532.

Likewise, the direct and circumstantial evidence in this case, with all of the collective inferences taken in the light most favorable to the government, is sufficient to find defendant knowingly possessed marijuana. First, defendant was the owner and sole occupant of the vehicle when it was stopped. Although, as defendant suggests, it is possible that someone could have borrowed the car or that there may have been a passenger who left the marijuana there, an equally reasonable inference is that defendant as owner and possessor had exclusive

---

[2] Such evidence included the defendant's use of a false name, his physical appearance, and his attempts to divert attention away from the vehicle. See Hooks, 780 F.2d at 1532.

-4-

control of the vehicle and its contents. Second, there was testimony suggesting that defendant was at first hesitant to have his car searched at the entry gate, and that he did not appear surprised when informed that marijuana was ultimately found. Third, defendant's argument that he was unaware of the presence of any marijuana is at least somewhat belied by the discovery of marijuana in plain view of the arresting officers. Finally, Lilenquist testified that there was a distinct odor of marijuana in the vehicle at the time of the search. Although Hooks instructs that evidence of odor is meaningless without direct evidence that defendant knew what the odor was, defendant concedes that his refusal to submit to the urinalysis gives rise to some inference that he had used marijuana before.[3] See Appellant's Br. at 10. Collectively, the presence of marijuana in plain view, the inference that defendant had exclusive control of the vehicle, and the odor, taken in conjunction with the defendant's refusal to submit to a urinalysis test, support a strong inference that defendant knew that there was marijuana in his car.

---

[3] Defendant does not challenge the introduction into evidence of his refusal to consent to a urinalysis test. We therefore do not consider this issue on appeal. Moreover, because defendant explicitly concedes the propriety of drawing an inference from his refusal to consent, we do not construe his blanket challenge to the sufficiency of the evidence as a challenge to the permissibility of that inference. See United States v. Hardwell, 80 F.3d 1471, 1492 (10th Cir. 1996) ("[Defendant] has waived this issue by failing to make any argument or cite any authority to support [such a challenge]."), modified on other grounds, 88 F.3d 897 (10th Cir. 1996).

**AFFIRMED.**

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge