**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JUDY LORRAINE ARMIJO,

     Defendant - Appellant.

No. 99-2332
(D.C. No. CR-99-237-2-LH)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **PORFILIO** and **LUCERO**, Circuit Judges.

This is a direct appeal from Judy Lorraine Armijo's jury conviction of conspiracy to possess with intent to distribute more than 50 kg of marijuana under 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), (b)(1)(C) and aiding and abetting and possession with intent to distribute more than 50 kg of marijuana under 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(C). We inquire into the sufficiency of the evidence to sustain the jury's verdict. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm Armijo's convictions.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In November 1998, Judy Armijo and her husband were apprehended at a checkpoint on Interstate 25 near Las Cruces, New Mexico, in a pickup truck with a concealed compartment containing more than 92 kgs of marijuana. Before the marijuana was discovered in the truck at the I-25 checkpoint, Armijo and her husband were stopped at another border checkpoint. There she indicated her lack of familiarity with the area and asked directions to I-25. Nonetheless, after leaving the first border checkpoint, the couple ignored the directions they were given and instead took an unmarked shortcut to I-25.

At the first checkpoint, Armijo indicated that she was the owner of the truck in which the drugs were later found and that she had been asked by her daughter and her daughter's boyfriend to pick up the truck in Ciudad Juarez, Mexico. In speaking with law enforcement agents at the time of their apprehension at the second checkpoint, Armijo and her husband told conflicting stories about how they obtained the truck. First, the couple claimed to have purchased the truck from someone named Jamie. Then, they claimed to have obtained the vehicle from someone named Chapo and denied their first story. During their contacts with law enforcement agents at the time of their apprehension, Armijo seemed to be directing her husband's actions, nodding to him to allow agents to do a sniff-search of the truck and prompting him with details of the story they proffered to border patrol agents. Although Armijo and

her husband faced identical charges, Armijo was convicted by the jury while her husband was acquitted.

The instant challenge presents appellant "with a high hurdle: [I]n reviewing the sufficiency of the evidence to support a jury verdict, this [C]ourt must review the record de novo and ask only whether, taking the evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." United States v. Voss , 82 F.3d 1521, 1524-25 (10th Cir. 1996) (internal quotations omitted). [1] Armijo challenges the sufficiency of the evidence against her on several grounds. Citing United States v. Mills , 29 F.3d 545 (10th Cir. 1994), she argues that she did not have exclusive possession of the pickup truck in which the drugs were found, and therefore "no inference of constructive possession of the marijuana could be drawn." (Appellant's Br. at 10.) "In cases of joint occupancy, where the government seeks to prove constructive possession by circumstantial evidence, it must present evidence to show some connection or nexus between the defendant and the . . . contraband." Mills , 29 F.3d at 549-50 (citing United States v. Sullivan , 919 F.2d 1403, 1431 (10th Cir. 1990)). "A conviction based upon

_____

[1] We note that Armijo does not challenge on appeal the existence of probable cause for searching her vehicle or the disparate sentence she received in relation to her co-defendant husband.

constructive possession will be upheld 'only when there [is] some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the . . . contraband.'" Id. at 550 (quoting United States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993)).

In Mills, there was no evidence that the defendant ever exercised dominion or control over the handguns at issue in that case. See id. Rather, the only evidence in the case indicated that someone else placed the guns in Mills's residence without his knowledge. See id. By contrast, in the present case, there is stronger evidence that Armijo had knowledge of the marijuana hidden in the truck and that she was in control of the vehicle. With regard to her knowledge and her control over the vehicle, the jury heard evidence that Armijo told police conflicting stories about obtaining the pickup truck. Nonetheless, both stories indicated that it was she who had obtained the truck, and law enforcement agents' testimony indicated that she attempted to control her husband's actions and statements to police at the time of their apprehension. That evidence gave rise to an inference Armijo had both knowledge of the contents of the truck and control over the vehicle. That evidence further supported the government's contention in the district court below that Armijo was attempting to conceal the marijuana in the truck.

Moreover, the sheer quantity of marijuana found in the truck strongly supports Armijo's conviction for possession with intent to distribute because "it is unlikely that the owner of the truck, or anyone else, would have left such a valuable substance in the truck." United States v. Hooks, 780 F.2d 1526, 1532 (10th Cir. 1986). " [T]he large quantity of [drugs] contained in the truck is clearly sufficient to support a judgment that [the] appellant intended to distribute [them]." Id. This evidence supports "at least a plausible inference that the defendant had knowledge of and access to the . . . contraband." United States v. Taylor, 113 F.3d 1136, 1145 (10th Cir. 1997) (internal quotations omitted). We recognize that "the evidence supporting the conviction must be substantial; that is, it must do more than raise a mere suspicion of guilt." United States v. Troutman, 814 F.2d 1428, 1455 (10th Cir. 1987) (internal quotations omitted). Here, there is far more than a mere suspicion. We likewise reject appellant's contention that the foregoing evidence leading to her conviction consists of nothing more than piling inference on inference. See United States v. Lazcano-Villalobos, 175 F.3d 838, 843 (10th Cir. 1999). Given the presence of the marijuana in the pickup truck, the conflicting stories told by Armijo about how she obtained the truck, her efforts to control her husband's story, and the other circumstantial evidence presented to the district court, the peculiar facts of this case certainly would allow a reasonable jury to reach a guilty verdict, see, e.g.,

United States v. Francisco-Lopez, 939 F.2d 1405, 1408 (10th Cir. 1991), and this is not a proper case in which to second-guess the jury's determination.

The judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge