UNITED STATES of America,
Plaintiff–Appellee,

v.

Cynthia I. PARK–SWALLOW,
Defendant–Appellant.

No. 01–3095.

United States Court of Appeals,
Tenth Circuit.

Nov. 14, 2002.

James A. Brown, Asst. U.S. Attorney, Topeka, KS, for Plaintiff–Appellee.

J. Richard Lake, Holton, KS, for Defendant–Appellant.

Before SEYMOUR, HENRY, and BRISCOE, Circuit Judges.

## ORDER AND JUDGMENT*

SEYMOUR, Circuit Judge.

Cynthia I. Park–Swallow was convicted of four counts of possession with intent to distribute various drugs. She appeals the district court's denial of her motion to suppress evidence and contends the evidence was insufficient to support her convictions. We grant Ms. Park–Swallow's motion to file an Appendix with her brief, and affirm.

In reviewing a denial of a motion to suppress evidence, we consider the totality of the circumstances and view the evidence in the light most favorable to the govern-

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ment. *United States v. McKissick,* 204 F.3d 1282, 1296 (10th Cir.2000). We accept the factual findings of the district court unless they are clearly erroneous. *Id.* We defer to the district court's findings on credibility and on the reasonable inferences to be drawn from the evidence. *Id.* We review *de novo* the ultimate question of reasonableness under the Fourth Amendment. *Id.*

The Fourth Amendment requires that consent to a search be voluntarily given. *United States v. Butler,* 966 F.2d 559, 562 (10th Cir.1992). Voluntariness is a question of fact to be determined from the totality of the circumstances. *Schneckloth v. Bustamonte,* 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). In this case, the district court stated: "From the clear and positive testimony presented by the government, the court finds that the defendant gave her specific and unequivocal consent, verbally and in writing, to search her residence for 'illegal narcotics.'" Rec., vol. I, doc. 22 at 11.[1] The court further found that defendant motioned the officers to enter her residence. *Id.*

◼ Defendant contends the search exceeded the *scope* of her consent. The general standard for measuring the scope of consent is based on "objective reasonableness." *United States v. Pena,* 143 F.3d 1363, 1367–68 (10th Cir.1998). Scope "is generally defined by its expressed object," and "is limited by the breadth of the consent given." *United States v. Elliott,* 107 F.3d 810, 814–15 (10th Cir.1997) (quotations and citations omitted). Failure to object to a search is an indication the search is within the scope of consent. *See Pena,* 143 F.3d at 1368.

Ms. Park–Swallow maintains the officers requested permission to search only for a "meth lab," so her consent would not have extended to a space as small as the safe in her bedroom. However, the district court found that the expressed object of the search was "illegal narcotics," and explicitly "reject[ed] as not credible the defendant's averment that the officers asked for consent only to search for a 'meth lab.'" Rec., vol. I, doc. 22 at 11. Although defendant asserts the consent form was blank when she signed it, the district court found that "[the] officers [ ] completed the written consent form in her presence and went over it with the defendant before asking her to sign it." *Id.* Finally, the court noted that "[t]he defendant placed no limits on the officers' search of her residence and voiced no objections during the search." *Id.* at 13.

Defendant's argument on appeal is simply that the evidence supported her version of the facts. However, we must take the facts as found by the district court. We agree with the district court that in the totality of the circumstances here, "[a] typical reasonable person in the defendant's position would have understood that a general and unrestricted consent to a full search of a residence included every room and every place inside the house where illegal narcotics could be stored or hidden." *Id.* at 12. Because the search of the safe did not exceed the scope of Ms. Park–Swallow's voluntary oral and written consent, the district court properly denied the motion to suppress the evidence from that search.

◼ Defendant also challenges the sufficiency of the evidence on the four counts of possession with intent to distribute various illegal drugs. We review the sufficiency of

---

1. We admonish both government and defense counsel for violating 10th Cir. R. 28.2(A)(2) and 28.2(B) by failing to attach to their briefs

a copy of the district court's order denying the motion to suppress.

the evidence *de novo*, asking whether, when the evidence is viewed in the light most favorable to the government, any rational trier of fact could have found the essential elements beyond a reasonable doubt. *United States v. Mitchell*, 113 F.3d 1528, 1530 (10th Cir.1997); *United States v. Wilson*, 107 F.3d 774, 778 (10th Cir. 1997).

On each of the four drug counts, the government was required to prove that defendant (1) possessed the controlled substance, (2) knew she possessed the controlled substance, and (3) intended to distribute or dispense the controlled substance. *McKissick*, 204 F.3d at 1291. Possession may be either actual or constructive. *United States v. Mills*, 29 F.3d 545, 549 (10th Cir.1994). Constructive possession may be proven by showing knowing ownership, dominion or control over the item and the premises where it is found. *Id.* Where, as here, there is joint occupancy of the premises, the government must demonstrate a nexus or connection between the defendant and the contraband. *Id.; see also United States v. Taylor*, 113 F.3d 1136, 1145 (10th Cir. 1997). Circumstantial evidence is sufficient. *United States v. Hishaw*, 235 F.3d 565, 571 (10th Cir.2000), *cert. denied*, 533 U.S. 908, 121 S.Ct. 2254, 150 L.Ed.2d 241 (2001).

Defendant asserts the government failed to demonstrate the requisite nexus or connection between herself and the drugs in the safe in her bedroom because the bedroom was also occupied by Juan Contreras when the police arrived. However, the government presented evidence at trial that the key to the safe was found in defendant's bedroom in a purse containing defendant's identification. The key fit the safe in the bedroom that was partially covered by women's clothing. The jury could reasonably infer from this evidence

that defendant had constructive possession of the drugs, allowing a rational trier of fact to find the element of possession necessary to the four convictions.

Accordingly, we **AFFIRM** the decision of the district court.