**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 1 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

SIALE PAHULU,

    Defendant-Appellee.

No. 03-4238

(D.C. No. 2:02-CR-688-JTG)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **BRISCOE**, Circuit Judge, and **LUNGSTRUM**, Chief District Judge.[**]

---

The United States appeals the district court's grant of defendant Siale Pahulu's motion for judgment of acquittal after a jury convicted Pahulu of being a felon in possession of a firearm and associated ammunition, in violation of 18 U.S.C. § 922(g)(1).

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable John W. Lungstrum, Chief District Judge, United States District Court, District of Kansas, sitting by designation.

See United States v. Pahulu, 274 F. Supp. 2d 1235 (D. Utah 2003).[1] We exercise

jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

On October 20, 2002, Detective Mike Ikemiyashiro, an undercover narcotics

officer with the Sandy City, Utah, police department, and Detective Saul Bailey, an

officer with the Salt Lake County Sheriff's Office, stopped a minivan after it failed to

obey a stop sign and a red light. Ikemiyashiro detected the odor of alcohol when he

approached the driver's side of the van. Pahulu was driving the van and Kirk Sio was a

passenger in the van. Pahulu admitted he had been drinking.

Ikemiyashiro obtained Pahulu's license and the van registration and determined the

van was registered to Pahulu's mother. Pahulu told Ikemiyashiro he was the van's

"primary driver." App. at 66. Sio was arrested on the basis of an outstanding warrant.

The officers asked Pahulu to get out of the van and thereafter frisked Pahulu and searched

the van. The officers discovered a beer bottle and spilled beer on the driver's side floor

mat of the van and arrested Pahulu for driving with an open container of alcohol, in

---

[1] 18 U.S.C. § 3731 permits an appeal by the United States from an order
dismissing an indictment or information or granting a new trial after verdict or judgment,
provided the appeal does not violate the Double Jeopardy Clause. See United States v.
Wilson, 420 U.S. 332, 337 (1975) (interpreting § 3731 as permitting government appeals
in criminal cases "whenever the Constitution would permit"). Here, double jeopardy
principles do not bar the appeal because the district court granted the motion for acquittal
after the jury had rendered a guilty verdict. Thus, if we reverse, Pahulu would not again
stand trial but rather the district court could enter judgment based upon the jury's prior
verdict. See United States v. Calloway, 562 F.2d 615, 617 (10th Cir. 1977).

violation of Utah law. The officers found a Spider Hawk tactical folding knife in the console between the driver's and the passenger's seats, and found a silver metallic case, along with a bag and a tool box, in the luggage area of the van. Inside the silver case, they discovered a shotgun and 22 rounds of ammunition, along with another knife. When Ikemiyashiro opened the silver case, Pahulu, who was seated on the curb nearby, stated: "[T]hat isn't mine, I don't know how it got there." Id. at 83.

After Pahulu was transported to jail and advised of his Miranda rights, he told Detective Trudy Cropper that he drove the minivan "most of the time." Id. at 108. Cropper testified that Pahulu said that "he did not know that the gun was in his car, he did not know where it came from, and said that it was not his gun." Id. Pahulu told Cropper that he was at a party near the University of Utah earlier that night and several people may have had access to the van and that "anyone could have put the gun in his car." Id. at 109. Cropper testified that Pahulu said he came to Utah from Euless, Texas, and that he "provided security" for Fatpack Productions. Id. Cropper observed a tattoo on Pahulu's upper right arm that said "Euless, Texas." Id. at 111. No fingerprints were recovered from the shotgun, the ammunition, or the silver case. Testimony at trial indicated the shotgun was manufactured in Connecticut, sent to Corsicana, Texas, and sold at a K-Mart store in Euless, Texas.

## II.

A district court decision "setting aside a jury verdict of guilt is entitled to no

deference" on appeal, United States v. Reicher, 983 F.2d 168, 170 (10th Cir. 1992), and we review that determination de novo, United States v. Santistevan, 39 F.3d 250, 255 (10th Cir. 1994). We therefore must view the evidence, along with all reasonable inferences to be drawn from that evidence, in the light most favorable to the government to determine if a rational finder of fact reasonably could have found Pahulu guilty beyond a reasonable doubt. Id.

To prove a violation of 18 U.S.C. § 922(g)(1), the government must establish (1) that the defendant previously was convicted of a felony; (2) that the defendant thereafter knowingly possessed a firearm; and (3) that such possession was in or affecting interstate commerce. See United States v. Taylor, 113 F.3d 1136, 1144 (10th Cir. 1997). Since the parties stipulated to the first and third elements at trial, we need only consider whether the government proved that Pahulu knowingly possessed the shotgun and ammunition. As the shotgun and ammunition were found in a jointly occupied vehicle, this case turns on whether the government proved Pahulu constructively possessed the shotgun and ammunition.

To establish constructive possession under § 922(g)(1), the government must demonstrate, through direct or circumstantial evidence, that the defendant "knowingly [held] ownership, dominion, or control over the object and the premises where it [wa]s found." United States v. Hishaw, 235 F.3d 565, 571 (10th Cir. 2000). Typically, the defendant's ownership, dominion, or control may be inferred if he exclusively possessed

4

the premises where the guns or ammunition were found.  Id.  To prevail in a joint occupancy case, the government "must present evidence to show *some connection or nexus* between the defendant and the firearm or other contraband."  United States v. Mills, 29 F.3d 545, 549 (10th Cir. 1994) (emphasis added).  A conviction based upon constructive possession in a joint occupancy setting will be upheld "only when there [is] some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the [firearm] or contraband."  Id. at 549-50 (internal quotations omitted).  Although "the jury may draw reasonable inferences from direct or circumstantial evidence, an inference must be more than speculation and conjecture to be reasonable."  United States v. Jones, 44 F.3d 860, 865 (10th Cir. 1995).

In this case, the government contends two facts support a reasonable inference that Pahulu had access to and knowledge of the shotgun.  First, it focuses on the fact that, despite Sio's presence in the van when it was stopped, Pahulu stated he was the "primary driver" and drove the van "most of the time."  App. at 66, 108.  Second, the government relies on the fact that Pahulu was from Euless, Texas, and the shotgun had been sold at a K-Mart store in Euless, Texas.[2]

---

[2]  Although not relied on in the argument section of its brief, the government argued before the district court and at oral argument before this court that Pahulu's knowledge of the shotgun could be inferred from the fact that he disclaimed ownership of "it" prior to learning what the officers had discovered.  Like the district court, we conclude this piece of circumstantial evidence does not create an inference of knowledge, dominion, or control because the government made no attempt to prove that Pahulu was unable to see the case or the shotgun from where he was seated.

5

We conclude the government has failed to establish that Pahulu constructively possessed the shotgun. Beyond Pahulu saying he was the "primary driver" of the van owned by his mother and drove the van "most of the time," the government introduced no evidence directly linking him to the discovered shotgun, ammunition, or silver case. We look then at the circumstantial evidence presented to establish knowing possession. Although the silver case which contained the shotgun and ammunition was large, we cannot say in this case, as the government suggests, that the size and proximity of the contraband was such that we can impute knowledge of the contraband to Pahulu. The contraband was not found in Pahulu's immediate proximity but was found in a part of the van where it was possible for Pahulu to have no knowledge of its presence, a fact the government has not disputed. Further, although both Pahulu and the gun in question were at some point in Euless, Texas, a city of approximately 46,000 residents, there is no evidence Pahulu purchased the gun or even that Pahulu and the gun were in Euless at the same time. Thus, this case is similar to Hishaw and Taylor, where we concluded the evidence linking the discovered gun to the defendant was insufficient when the discovered gun was located in an area the defendant jointly occupied with others. In short, there is insufficient evidence to establish "some connection or nexus," Mills, 29 F.3d at 549, between Pahulu and the gun without impermissibly "piling inference on inference," Jones, 44 F.3d at 865. Given the dearth of evidence produced at trial, we are unable to conclude that the government carried its burden in establishing Pahulu

6

constructively possessed the shotgun and ammunition in question.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge