**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JAMES H. McKINNEY, JR., also
known as Littleman,

      Defendant-Appellant.

No. 05-3070
(District of Kansas)
(D.C. No. 03-CR-20130-03-GTV)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this court has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant, James H. McKinney, Jr. was charged in a multi-count indictment with, *inter alia*, conspiracy to possess with intent to distribute five grams or more of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(iii), and 860(a); possession with intent to distribute five grams or more of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 860(a); possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and maintaining a residence for the purpose of distributing cocaine base within 1000 feet of a school, in violation of 21 U.S.C. §§ 856 (a)(1) and 860(a). The charges were filed after police, executing a search warrant, discovered small rocks of crack cocaine wrapped individually in plastic baggies, a small amount of marijuana, and a loaded handgun in an apartment in Lawrence, Kansas. When McKinney was searched, the officers found $540 in currency in his right front pocket and a set of keys that fit the door of the apartment in his left front pocket. A box containing additional plastic baggies, discovered in the kitchen area of the apartment, yielded a fingerprint that was traced to McKinney.

A jury convicted McKinney on all four counts. He was sentenced to concurrent terms of sixty months' incarceration on the drug charges and an additional, consecutive term of sixty months on the firearm charge. In this

appeal, McKinney's only challenge is to the sufficiency of the evidence supporting the jury's verdict on the firearm charge.

This court conducts a *de novo* review of the sufficiency of evidence presented at trial. *See Unites States v. Wilson*, 107 F.3d 774, 778 (10th Cir. 1997). Evidence is sufficient to support a conviction if the direct and circumstantial evidence and the reasonable inferences drawn therefrom, collectively viewed in the light most favorable to the government, would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. *See id*. Having carefully reviewed the trial transcript, this court concludes that McKinney's argument regarding the sufficiency of the evidence supporting his firearm conviction lacks merit.

"Possession under § 924(c)(1) can be shown through either constructive or actual possession." *United States v. Lott*, 310 F.3d 1231, 1247 (10th Cir. 2002). McKinney takes the position the government failed to produce sufficient evidence that he actually or constructively possessed the firearm. The government does not argue McKinney actually possessed the firearm found in the apartment but asserts, rather, that McKinney had constructive possession. At trial, the government may prove constructive possession with either direct evidence or circumstantial evidence demonstrating the defendant "knowingly [held] ownership, dominion, or control over the object and the premises where it [was]

found." *United States v. Mills*, 29 F.3d 545, 549 (10th Cir. 1994). If the residence in which the firearm was found was jointly occupied, the government must present sufficient evidence from which a jury could infer that the defendant had knowledge of and access to the firearm. *United States v. Norman*, 388 F.3d 1337, 1341 (10th Cir. 2004).

At trial, the government presented evidence connecting McKinney to the apartment. Officers found a key to the apartment on McKinney's keychain. The resident of a neighboring apartment testified that McKinney was at the apartment more than the other two individuals who had keys and that he slept in the apartment "all the time." When officers conducted surveillance on the apartment, McKinney was observed vacuuming, emptying the trash, and barbequing food on a grill located outside the apartment. Additionally, the firearm was discovered under a pillow on the only bed in the apartment, next to some condoms and a condom wrapper. McKinney's girlfriend testified she and McKinney had stayed in a motel the night before the search warrant was executed. The two had sex and used condoms provided by McKinney. This evidence, viewed collectively, shows a connection between McKinney and the firearm and a jury could reasonably infer McKinney had constructive possession of the firearm because he had knowledge of it and access to it.

McKinney also argues there was insufficient evidence to support the jury's conclusion that the firearm was possessed in furtherance of the drug crimes. "[A] firearm that is kept available for use if needed during a drug transaction is 'possessed in furtherance of' drug trafficking." *United States v. Basham*, 268 F.3d 1199, 1208 (10th Cir. 2001). Circumstantial evidence is permissible to prove intent to possess a weapon in furtherance of a drug trafficking crime and that evidence can include "the type of drug activity being conducted, the accessibility of the firearm, the type of firearm, the legal status of the firearm, whether the firearm is loaded, the proximity of the firearm to drugs or drug profits, and the time and circumstances under which the firearm is found." *United States v. Avery*, 295 F.3d 1158, 1180 (10th Cir. 2002) (quotation omitted). The government's evidence included the testimony of McKinney's neighbor that people frequently came and went from the apartment, staying only a few minutes before leaving. An officer who conducted surveillance on the apartment, also testified he observed several individuals enter the apartment and leave after a short time. A second officer testified that he supervised a controlled buy pursuant to which crack cocaine was purchased from the suspect apartment. There was also testimony the firearm was loaded with five rounds of ammunition. Further, it was found ten to twelve feet from the desk on which officers discovered several rocks of crack cocaine individually wrapped in plastic

baggies, scissors, and additional plastic baggies.  This evidence, together with the reasonable inferences that can be drawn from it, amply supports the jury's finding that the firearm found in the apartment was used by McKinney in furtherance of a drug trafficking crime.

Upon review of the entire proceedings, this court concludes that McKinney's arguments are without merit. The district court's judgment of conviction is hereby **affirmed** .

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge