FILED
United States Court of Appeals
Tenth Circuit

May 26, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHE CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMEO LYNN JACKSON,

Defendant - Appellant.

No. 09-6216
(D.C. No. 5:09-CR-00127-R-1)
(W.D. Okla.)

ORDER AND JUDGMENT*

Before **BRISCOE**, Chief Judge, **HAWKINS**** and **MURPHY**, Circuit Judges.

Jameo L. Jackson ("Jackson") appeals his conviction for being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1), claiming

insufficient properly admitted evidence linking him to the guns at issue. We

affirm.

Jackson first claims, pursuant to Federal Rule of Evidence 404(b), that the

trial court erred in allowing the government to introduce evidence that the

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

**The Honorable Michael Daly Hawkins, Senior Circuit Judge, United
States Court of Appeals for the Ninth Circuit, sitting by designation.

firearms were stolen to show Jackson's bad character. However, the record indicates the government only used evidence of the guns' provenance to demonstrate Jackson's knowledge of the weapons' existence. Specifically, the government introduced evidence that the weapons were stolen from a man named Daniel Carnow and that Jackson possessed other property that was stolen from Carnow. Because the government sufficiently connected Jackson to the other property belonging to Carnow, the district court did not abuse its discretion in admitting the evidence for the purpose of establishing Jackson's knowledge of the guns' presence in the backpack. *See United States v. Herndon*, 982 F.2d 1411, 1414–15 (10th Cir. 1992); *see also Huddleston v. United States*, 485 U.S. 681, 689–90 (1988).

Jackson next challenges the denial of his motion to suppress Jackson's statements during and after booking because he claims the government's actions violated the Fourth Amendment and Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2520. The record, however, establishes that Jackson lacked both a subjective and objective expectation of privacy in those statements. *See United States v. Longoria*, 177 F.3d 1179, 1181–82 (10th Cir. 1999); *see also United States v. Turner*, 209 F.3d 1198, 1200–1201 (10th Cir. 2000). Nor does Jackson cite any authority for his constitutional claim, and the record cannot support finding a violation of

Jackson's Fourth Amendment right to privacy. *See Hudson v. Palmer*, 468 U.S. 517, 527–28 (1984).

Jackson also argues the prosecutor improperly invoked his decision to remain silent after receiving his *Miranda* warning when the prosecutor questioned Jackson about his statements during booking. We review Jackson's claim for plain error. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005). Jackson concedes that "it was clear from the context the Government was trying to establish that appellant's statement was not in response to interrogation. . . ." We agree and, again, find no support in the record for Jackson's claim that the error affected the outcome of the district court proceeding. *See id.* at 732–33 (citing *United States v. Cotton*, 535 U.S. 625, 632 (2002).

Finally, Jackson challenges the sufficiency of the evidence, claiming the government did not produce evidence to support finding Jackson knowingly possessed a firearm. *See United States v. Taylor*, 113 F.3d 1136, 1144 (10th Cir. 1997). The cases Jackson cites are distinguishable. *See United States v. Hishaw*, 235 F.3d 565, 571–72 (10th Cir. 2000); *United States v. Blue*, 957 F.2d 106, 107–08 (4th Cir. 1992). Given the record describing the provenance of the guns, Jackson's actions leading to his arrest, and his statements during booking, the government met its burden to "present evidence to show some connection or nexus between the defendant and the firearm or other contraband." *See United States v. Mills*, 29 F.3d 545, 549 (10th Cir. 1994).

**AFFIRMED**.

Entered for the Court


Michael Daly Hawkins
Senior Circuit Judge