**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

FERNANDEZ SANDOVAL,

    Defendant-Appellant.

No. 97-2025
(D.C. No. CR-95-636-JP)
(Dist. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

Fernandez Sandoval ("Sandoval") and co-defendant Robert D. Gerold

("Gerold") were indicted for two bank robberies occurring in Albuquerque, New

Mexico. Sandoval was convicted of armed bank robbery, use of a firearm during

commission of bank robbery, and of felon in possession of a firearm. Sandoval

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

here appeals his convictions for use of a firearm during commission of a bank robbery and for being a felon in possession of a firearm. Sandoval also challenges the propriety of the district court's admission of evidence of Sandoval's prior armed robbery convictions and raises a claim that ineffective assistance of counsel resulted in an unfairly prejudicial trial. Upon review we determine that there was no reversible error committed at trial.

**BACKGROUND**

Both of the robberies for which Sandoval was convicted involved what is commonly known as the "takeover" approach to bank robbery. (Tr. Rec. at 268-69.) In a takeover robbery, the robber enters the bank, announces the robbery, and prominently displays one or more weapons. (Id.) At trial, witnesses testified that both Sandoval and his co-defendant carried and displayed weapons during the course of the two robberies. In both robberies Sandoval held witnesses at gunpoint, some of whom were so close to Sandoval that they testified that they could have reached out and touched his weapon if they had been so inclined.

In the course of investigating the robberies, police obtained a warrant to search Sandoval's residence. (Tr. Rec. at 266.) Sandoval lived with co-defendant Gerold and Gerold's girlfriend. In Sandoval's room police found a pistol. The government admits that this pistol was purchased subsequent to the robberies and

thus could not have been used by Sandoval in either of the robberies. (Aplee. Br. at 16.)

Sandoval was arrested and indicted with two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(b); two counts of use of a firearm during commission of a bank robbery, in violation of 18 U.S. C. § 924(c); and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Sandoval admitted at trial to committing the robberies. (Tr. Rec. at 14.) The jury found Sandoval guilty of all charges.

Here, Sandoval claims that because he used toy guns during the robberies instead of real ones and because the gun found in his room did not belong to him, his convictions for use of a firearm during commission of a robbery and for felon in possession of a firearm were in error. He also claims the district court erred in admitting evidence of his previous armed robbery convictions. Furthermore, he asserts that ineffective assistance of counsel deprived him of a fair trial.

## DISCUSSION

### I.

Sandoval first asserts that insufficient evidence was adduced at trial to support the jury's finding that, beyond a reasonable doubt, he used a real gun in committing the two robberies. Sandoval's attorney raised this issue before the

district court below when he moved for judgment of acquittal. (Tr. Rec. at 275-76.)  The district court overruled this motion and left the question to the jury. (<u>Id</u>.)

We will uphold a jury's evidentiary determination "if a reasonable jury, granting all favorable inferences to the government, could have concluded beyond a reasonable doubt" that Sandoval used a real gun. <u>United States v. Russell</u>, 109 F.3d 1503,1505 (10th Cir. 1997). In short, we review the evidence in a light most favorable to the government and accept the jury's finding so long as it is within the bounds of reason.  <u>See</u> <u>United States v. Ramirez</u>, 63 F.3d 937, 945 (10th Cir. 1995).

In order to be found guilty of  use of firearm during commission of a bank robbery under 18 U.S. C. § 924(c), the jury must find that the defendant used or carried a "firearm" during the course of the crime. 18 U.S.C. § 924(c)(1)(West Supp. 1997).  A "firearm" is defined as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive."  18 U.S.C. § 921(a)(3) (1976).  While toy guns qualify as  "dangerous weapons" under other criminal statutes they do not qualify as  "firearms" under § 921(a)(3). <u>See</u> <u>United States v. McCall</u>, 85 F.3d 1193, 1197-98 (6th Cir. 1996); <u>cf</u>. <u>United States v. Gilkey</u>, 118 F.3d 702, 704 n.1 (10th Cir. 1997)(applying the same analysis to the Sentencing Guidelines).

At trial for armed robbery, the Government is under no burden to produce the actual weapon or weapons used. Witness identification of the weapon as a firearm is sufficient. See United States v. Hamilton, 992 F.2d 1126, 1129 (10th Cir. 1993) (citing United States v. Gregg, 803 F.2d 568, 571 (10th Cir. 1986)). During Sandoval's trial one witness clearly described Sandoval's weapon as appearing to be "fake." (Tr. Rec. at 133.)[1] However, four witnesses testified that the gun used by Sandoval during the robberies appeared to be real (Tr. Rec. at 40-55; 62-70; 90; 106-108; 121) as did Sandoval's co-defendant Gerold. (Id. at 107, 205-208, 222). Because of this perceived "confusion" among the witnesses, Sandoval urges us to hold that no reasonable jury could have found, beyond a reasonable doubt, that the guns he used were "firearms" under the statute.

Taking the evidence adduced at trial in the light most favorable to the government, we disagree. The four witnesses who testified that the guns were real all were positioned close enough to Sandoval to get very good looks at the weapon in his hand. (Id. at 37; 54; 88; 107.) One witness had the gun pointed

---

[1] Two other witnesses testified as to the fake appearance of weapons used in the crimes, but it is not clear from the portions of the record supplied by Sandoval whether those witnesses' testimony was about Gerold's weapon or Sandoval's. (Aplt. Br. at 7-8.) The Government asserts that their testimony was to the appearance of Gerold's gun, not Sandoval's. (Aplee. Br. at 15-16.) Sandoval fails to address this issue in his Reply Brief. Therefore, we assume that the only witness's testimony as to the "fake" appearance of Sandoval's gun was that of Cathryn Collins. The Government does not dispute this testimony. (Aplee. Br. at 15.)

right in her face while another observed the gun resting on the counter close enough that she could have picked it up. (Id. at 54-56.) By contrast, the witness who testified that Sandoval's gun appeared to be fake was positioned farther away from the locus of the action than were the others. (Id. at 134). What's more, two of the witnesses who testified that Sandoval used a real weapon have significant experience with the care and handling of guns. (Id. at 40-41; 107.) The witness who testified that the gun looked fake stated that she does not. ( Id. at 133.) Based on this evidence a reasonable jury could have concluded that the guns used by Sandoval were real. We affirm the jury's conviction.

## II.

Sandoval also challenges his conviction under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. As this issue is raised for the first time on appeal we review it under the "plain error" standard. See Federal Rule of Criminal Procedure 52(b). Under this standard, we may only correct an error that is "plain and that affects substantial rights" and "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Spring, 80 F.3d 1450, 1465 (10th Cir. 1996).

It is a crime for a convicted felon to "possess . . . any firearm." 18 U.S.C. § 922(g)(1)(Supp. 1997). In order to convict under § 922(g)(1), the Government must prove beyond a reasonable doubt that (1) the defendant is a convicted felon,

(2) the defendant knowingly possessed a firearm after the conviction, and (3) the possession was in or affecting interstate commerce. See United States v. Wilson, 107 F.3d 774, 779 (10th Cir. 1997). Sandoval only claims that the Government failed to prove the second element of knowing possession.

Under § 922(g)(1) it is sufficient for the finder of fact to determine that a convicted felon was in constructive possession of a firearm. United States v. Mills, 29 F.3d 545, 549 (10th Cir. 1994). "In cases of joint occupancy . . . [the Government] must present evidence to show some connection or nexus between the defendant and the firearm." Id. What's more, "[a] conviction based upon constructive possession will be upheld 'only when there is some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the weapon." Id. (quoting United States v. Mergerson, 4 F. 3d 337, 349 (5th Cir. 1993)).

The gun in question was found in Sandoval's room in an apartment he shared with Gerold and Gerold's girlfriend. At trial, Gerold testified that the gun belonged to him and that he kept it in a locked gun case in the closet in Sandoval's room in order to keep it out of the hands of Gerold's children. (Tr. Rec. at 201, 249-50.) Relying on Mills, Sandoval argues that based on this testimony the jury could not find that he constructively possessed the gun. However, Mills is readily distinguishable from the case at hand. In Mills, a third

party had hidden guns in a common area of the shared dwelling unbeknownst to the defendant. We held that on those facts the jury could not find that the defendant had constructive possession of the weapons. Mills, 29 F.3d at 550. Sandoval argues that the Government failed to prove he had knowledge of the whereabouts of the gun. (Aplt. Br. at 12-13.) However, at trial Gerold testified that he placed the gun in Sandoval's closet with Sandoval's full knowledge. (Tr. Rec. at 199) On at least one occasion Sandoval and Gerold both fired the gun at a practice range. (Id.) Sandoval had a key to the locking gun case. (Id. at 200.) One police officer testified that the gun was found behind Sandoval's television, not in his closet where Gerold testified he kept it. (Id. at 267.) The facts adduced at trial were more than sufficient to support "at least a plausible inference that the defendant had knowledge of and access to the weapon." Mills, 29 F. 3d at 550. The jury's finding that Sandoval was in possession of the gun was not plain error.

## III.

Sandoval next claims that the district court erred by allowing evidence of his prior felony conviction for armed robbery. The event Sandoval complains of occurred when the Government called Sandoval's parole officer to testify as to his felony conviction, as part of its proof for the §922(g)(1) charge. In response to the prosecutor's question, the officer testified that he met Sandoval when Sandoval was on parole for "one count of armed robbery and three counts of false

imprisonment with a firearm enhancement." (Tr. Rec. at 164.) Not only did Sandoval's counsel not object to this statement, he welcomed it in the interest of "being candid and letting everything out so that [Sandoval] doesn't lose credibility." (Id. at 165-66.) What's more, in his opening statement Sandoval's counsel mentioned Sandoval's previous armed robbery conviction. (Tr. Rec. at 13.) We deem that this failure to object and willful use of his prior conviction as part of his trial strategy amount to a waiver of the issue and thus we do not review it. See United States v. Jones, 44 F.3d 860, 875 (10th Cir. 1995).

IV.

Finally, Sandoval claims he was denied his Sixth Amendment right to a fair trial due to ineffective representation by his lawyer. (Aplt. Br. at 20.) Specifically, Sandoval claims that he was prejudiced because his attorney failed to (a) stipulate to Sandoval's prior conviction, (b) object to the admission of the name, nature and circumstances of that conviction, and (3) move for severance of the armed robbery and felon in possession of a firearm counts. (Id. at 20-25.)

As a general rule, this Circuit does not consider claims of ineffective assistance of counsel on direct criminal appeal. United States v. Galloway, 56 F.3d. 1239, 1240, 1242 (10th Cir. 1995)(en banc). Instead, the criminal defendant should bring a claim of ineffective assistance of counsel in a collateral

proceeding such as a writ of habeas corpus under 28 U.S.C. § 2255. Id. at 1240. This rule allows the reviewing court to make a considered determination based upon a complete record and the district court's determinations. Only if the record is unusually complete will we consider a claim of ineffective assistance of counsel on direct appeal. Id. Such instances are rare. Id. at 1241.

In his appeal Sandoval raises issues, most notably trial counsel's decision not to request severed trials of Sandoval's armed robbery and felon in possession of a firearm charges, for which there is no record for us to review. Therefore, under Galloway we decline to consider Sandoval's ineffective assistance of counsel claims.

For the above reasons the district court's conviction is AFFIRMED for all counts. The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge