**PUBLISH**

FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 11, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

AKIN ZHON WOFFORD,

    Defendant - Appellant.

No. 25-6006

---

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 5:23-CR-00051-R-1)**

---

Laura K. Deskin, Assistant Federal Public Defender (Jeffery M. Byers, Federal Public Defender, with her on the briefs), Oklahoma City, Oklahoma, for Defendant-Appellant.

Laney Ellis, Special Assistant United States Attorney (Robert J. Troester, United States Attorney, with her on the brief), Oklahoma City, Oklahoma, for Plaintiff-Appellee.

---

Before **PHILLIPS** and **McHUGH**, Circuit Judges, and **VRATIL**, District Judge.[*]

---

**VRATIL**, District Judge.

---

[*] The Honorable Kathryn H. Vratil, United States District Judge, District of Kansas, sitting by designation.

Akin Wofford was convicted of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count One) and possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two).  He appeals, arguing that the district court plainly erred in instructing the jury on Count Two.  Specifically, he argues that in violation of his rights under the Fifth and Sixth Amendments, the instruction improperly relieved the government of its burden to prove beyond a reasonable doubt that he possessed and brandished a "firearm."  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

This appeal arises out of a bank robbery on November 7, 2022 at City National Bank in Oklahoma City.

Law enforcement did not recover a firearm.  At trial, to establish that defendant possessed and brandished a firearm, the government presented (1) testimony from a bank teller and a bank customer, who both testified that the robber had a firearm; and (2) surveillance video which showed that the robber held up what appeared to be a firearm.

The teller testified that the robber had been sitting in the lobby when he suddenly sprinted toward the teller's counter, pulled out a gun and jumped over the counter.  The teller testified that the robber pointed the firearm directly at him, making him fear for his life.  After the incident, the teller told 911 dispatch that the robber had a Glock.  The teller testified that he had been around firearms since he was six or seven years old, that he had shot firearms and that he was "familiar with the way they look, the way they function."

ROA Vol. IV at 57.  When asked whether he had any doubt that the robber wielded a real firearm, he replied, "I'm very familiar with them.  I had no question whether it was a legitimate gun or not."  *Id.*

The bank customer testified that she had been handling business with the teller and was at the counter when the robber flew across it, pointing a firearm at the teller.  She testified that she "absolutely" believed it to be a "real firearm," and though the robber never pointed it in her direction, she was "terrified" and "fear[ed] for [her] life."  ROA Vol. IV at 109.  Afterwards, she told police that the robber had what she thought was a "Glock-like handgun."  *Id.* at 112.

Count Two charged Mr. Wofford with possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Without objection, the district court instructed the jury as follows:

> To find the defendant guilty of this crime you must be convinced the government has proved each of the following beyond a reasonable doubt:
>
> FIRST: the defendant committed the crime of armed bank robbery, as charged in Count 1 of the Indictment, which is a crime of violence; and
>
> SECOND: the defendant possessed and brandished a firearm in furtherance of the offense charged in Count 1 of the Indictment.
>
> The term "firearm" means any weapon which will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device. *The Government is under no burden to produce the actual weapon or weapons used.  Witness identification of the weapon as a firearm is sufficient.*

ROA Vol. I at 247 (emphasis added).

3

At trial, defense counsel argued that Mr. Wofford was not the robber, but offered no evidence, argument or cross-examination which suggested that the robber had brandished a replica, a toy or a non-functional firearm. ROA Vol. IV at 506–17.

On appeal, defendant challenges the jury instruction that "witness identification of the weapon as a firearm is sufficient" to satisfy the government's burden of proof. Specifically, he argues that in violation of his rights under the Fifth and Sixth Amendments, the instruction improperly relieved the government of its burden to prove an essential element of the offense beyond a reasonable doubt and to have the jury determine each element of the offense.

## II.    LEGAL STANDARDS

"The appropriate standard of review for challenges to jury instructions is whether the jury, considering the instructions as a whole, was misled." *United States v. Garcia*, 74 F.4th 1073, 1123 (10th Cir. 2023) (quoting *United States v. Smith (Brenda)*, 13 F.3d 1421, 1424 (10th Cir. 1994)). Trial judges have "substantial latitude and discretion in tailoring and formulating the instructions so long as they are correct statements of law and fairly and adequately cover the issues presented." *United States v. Woodmore*, 135 F.4th 861, 879 (10th Cir. 2025) (quoting *United States v. Wood*, 207 F.3d 1222, 1235 (10th Cir. 2000)). "We do not require a district court to give another instruction if it would simply give the jury a clearer understanding of the issues." *Id.* (quoting *United States v. Murry*, 31 F.4th 1274, 1293 (10th Cir. 2022) (internal quotation marks omitted)). "The instructions as a whole need not be flawless, but we must be satisfied that, upon hearing the instructions, the jury understood the issues to be resolved and its duty to resolve

4

them." *Id.* (quoting *United States v. Ransom*, 642 F.3d 1285, 1288 (10th Cir. 2011)). We will disturb the judgment "[o]nly where we have substantial doubt that the jury was fairly guided." *Garcia*, 74 F.4th at 1123 (quoting *Smith (Brenda)*, 13 F.3d at 1424) (internal quotation marks omitted). If a party fails to object to the instruction before the jury retires to deliberate, we review for plain error. *Id.*

## III.    DISCUSSION

Defendant did not object to the instruction below. We therefore review only for plain error. Under this standard, defendant must show that the district court committed "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harbin*, 56 F.4th 843, 845 (10th Cir. 2022) (quoting *United States v. Archuleta*, 865 F.3d 1280, 1290 (10th Cir. 2017)).

As noted, the trial court instructed the jury that "[t]he Government is under no burden to produce the actual weapon or weapons used. Witness identification of the weapon as a firearm is sufficient." ROA Vol. 1 at 247. Defendant argues that the instruction misstates the law and effectively told the jury that it must accept the witness opinion testimony as sufficient proof of the firearm element.

The government argues that the challenged instruction comes directly from Tenth Circuit precedent, which states that "witness identification of [a] firearm is enough" to show that the object possessed was an actual firearm. *United States v. Hamilton*, 992 F.2d 1126, 1130 (10th Cir. 1993) (citing *United States v. Gregg*, 803 F.2d 568, 571 (10th Cir. 1986)); *see also United States v. Sandoval*, 125 F.3d 864, 1997 WL 606882, at *2

(10th Cir. Oct. 2, 1997) (unpublished table opinion) ("Witness identification of the weapon as a firearm is sufficient."). Likewise, we have held that "[c]redible witness testimony is sufficient to establish that a defendant possessed a firearm." *United States v. Kamahele*, 748 F.3d 984, 1010 (10th Cir. 2014) (quoting *United States v. Floyd*, 81 F.3d 1517, 1526 (10th Cir. 1996)). These cases, however, were not about jury instructions. In each case, the issue was whether in hindsight the evidence was sufficient to support a conviction for possessing a firearm in furtherance of a crime of violence. *See Kamahele*, 748 F.3d at 1010–11; *Floyd*, 81 F.3d at 1526; *Hamilton*, 992 F.2d at 1129–30; *Sandoval*, 1997 WL 606882, at *2. As explained in *Kamahele* and *Floyd*, absent production of the actual firearm, credible witness testimony "is sufficient" for the jury to find that the defendant possessed a real firearm. *Kamahele*, 748 F.3d at 1010; *Floyd*, 81 F.3d at 1526. Sufficiency of the evidence is a legal determination for the court, however, and analytical language in that context is not necessarily transferable or appropriate for jury instructions.

That said, the instructions as a whole did not misstate the law or mislead the jury in this case. The instruction accurately set forth the statutory definition of a firearm, *i.e.* "any weapon which will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive." ROA Vol. I at 247; *see* 18 U.S.C. § 921(a)(3)(A). It correctly informed the jury that the government had no burden to produce the actual weapon. *See Kamahele*, 748 F.3d at 1010 ("[T]he Government need not produce the actual gun that was used."); *Floyd*, 81 F.3d at 1526 ("The Government is not required to introduce the actual firearm into evidence."). In explaining how the

6

government could satisfy its burden without producing the actual weapon, the instruction correctly informed the jury that witness identification of the weapon as a firearm "is sufficient." *Kamahele*, 748 F.3d at 1010 ("[C]redible witness testimony is sufficient to establish that a defendant possessed a firearm during the commission of a crime." (quoting *Floyd*, 81 F.3d at 1526)). In this context, the instruction informed the jury that because the government did not produce the weapon, witness identification was a sufficient alternative method of proof that the weapon was in fact a firearm.

Defendant argues that the district court committed an obvious error because no pattern instruction or precedent "directs the jury to treat a specific category of evidence as automatically sufficient." As a whole, however, the instructions did not direct the jury to automatically credit the witness testimony which identified the weapon as a firearm. The instructions reminded the jury that it "must consider all of the evidence," but that "[did] not mean . . . that [it] must accept all of the evidence as true or accurate." ROA Vol. I at 233. The instructions also informed the jury that an important part of its duty was to "decide whether [it] believe[d] all or any part of what each witness had to say" and that it should "not make any decisions simply because there were more witnesses on one side than on the other." *Id*. at 233–34. We presume the jury followed these instructions. *United States v. Cushing*, 10 F.4th 1055, 1070 (10th Cir. 2021). When read in combination with all the instructions, the plain meaning of the challenged instruction is that if the jury credited the witness testimony which identified the weapon as a firearm, it could find that the government had met its burden of proof that defendant possessed and brandished a firearm, even though the government had not produced the actual firearm.

In directing the jury about alternative methods of proof for the government to establish that an object was a real firearm, an instruction that credible witness testimony "can be sufficient" or "may be sufficient" would have more meticulously emphasized the jury's duty to evaluate the credibility of the eyewitness testimony, and made it clear beyond argument that the district court was not directing a jury verdict on the issue. *See, e.g.*, 10th Cir. Crim. Pattern Jury Instructions No. 1.09 (2025) ("Evidence of good character *may be sufficient* to raise a reasonable doubt whether the defendant is guilty . . . .") (emphasis added); 10th Cir. Crim. Pattern Jury Instructions No. 1.14 (2025) ("The testimony of an informant alone, if believed by the jury, *may be of sufficient weight* to sustain a verdict of guilt, even though not corroborated or supported by other evidence.") (emphasis added).

Even so, as noted above, the "instructions as a whole need not be flawless." *Woodmore*, 135 F.4th at 879 (quoting *Ransom*, 642 F.3d at 1288).  Here, despite the district court's use of the language "is sufficient," we are confident that "the jury understood the issues to be resolved and its duty to resolve them." *Id.* (quoting *Ransom*, 642 F.3d at 1288).  At trial, defendant offered no evidence, argument or cross-examination which questioned whether the firearm was a real firearm, as opposed to a replica, toy or anything other than a functional firearm.  In this context, the challenged instruction did not misstate the law or mislead the jury, and the district court did not commit error—plain or otherwise.[1]  *See United States v. Bycroft*, 155 F.4th 1177, 1183

---

[1] We might reach a different conclusion in another case, in which the instructions as a whole were less meticulous in informing the jury of its duties and prerogatives or in

(10th Cir. 2025) ("[E]rror is plain if it is 'clear or obvious under current, well-settled law of this court or the Supreme Court.'" (quoting *United States v. Venjohn*, 104 F.4th 179, 186 (10th Cir. 2024))).

In sum, on this record, the district court did not commit plain error in instructing the jury that eyewitness identification "is sufficient" to satisfy the government's burden of proof.  The instruction did not improperly relieve the government of its burden to prove an essential element of the offense beyond a reasonable doubt or infringe defendant's right to have the jury determine each element of the offense, in violation of the Fifth and Sixth Amendments.  Because defendant has not established error that was obvious under current, well-settled law, we need not address the third and fourth elements of plain-error review.  *United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012) ("Because all four requirements must be met, the failure of any one will foreclose relief and the others need not be addressed.").

## IV.    CONCLUSION

Based on the foregoing analysis, we **AFFIRM** in full the district court's conviction of Mr. Wofford.

---

which the trial involved genuine controversy whether defendant possessed or brandished a real "firearm" under 18 U.S.C. § 921(a)(3)(A).  Because context is important, the challenged language from *Kamahele*, 748 F.3d at 1010, and *Floyd*, 81 F.3d at 1526, is potentially problematic.